## BAKER & CO. ET AL. v. BRYAN ET AL.

## WRIGHT & IVES v. THE SAME.

1. **School District**: CONTRACT FOR BUILDING SCHOOL-HOUSE: PROTECTION OF SUB-CONTRACTORS: SUB-CONTRACTOR'S RIGHT OF ACTION ON BOND. A school district has authority, under section 1723 of the Code, to provide, in a contract for the erection of a school-house, that the contractor shall deliver the building to the district "free·from liens or claims of every kind;" and where a bond, taken for the performance of such a contract, provides that the contractor shall "pay all claims for material, labor, etc., used in the construction of said building, and produce proper receipts therefor," persons furnishing materials for the building may, in default of payment therefor, have an action upon the bond against the contractor and sureties—the bond being regarded in law as intended for their security. See Code, § 2552. It is not necessary, in such case, for the material-men to prove that they relied upon the bond when they furnished the materials. They must be presumed to have done so, at least until the contrary is shown.

*Appeals from Story District Court.*

WEDNESDAY, OCTOBER 22.

ACTIONS at law upon a bond executed to secure the per-

formance by defendants of a contract to build a school-house. There was a judgment upon a verdict for plaintiffs in each case, from which defendants appeal. The facts of the cases appear in the opinion.

· *F. D. Thompson* and *Dyer & Fitchpatrick*, for appellants.

*George A. Underwood*, for appellees.

Beck, J.—I.   The facts involved in each of these cases being substantially the same, and the questions of law involved in each being identical, they were argued and submitted together, and will be considered and decided in the same manner.

The defendant, Bryan, entered into a contract with the independent district of Ames for the building of a school-house.   The defendant became bound by the contract to complete the building and deliver it to the school district on a certain day, "free from liens or claims of every kind."   The contract provides that fifteen per centum of the price agreed upon shall be reserved, to be paid upon the completion of the house, after defendant "shall have produced receipts for all labor and materials used thereon."

To secure the performance of this contract, Bryan, with the other defendants as sureties, executed a bond to the school district, which, after reciting the fact that the contract had been entered into, contains an obligation in the following language:          ·

"Now, therefore, if the said Solon Bryan shall well and truly perform all of his several agreements and stipulations contained in said contract literally, and according to the full intent and meaning thereof, and pay all damages caused by his failure so to do, and shall pay all claims for material, labor, etc., used in the construction of said building, and produce proper receipts therefor, and in every manner and form abide by and fulfill his said contract, then this obligation to be void, otherwise to be and remain in full force and effect."

The plaintiffs in the respective actions severally furnished,

under contracts with Bryan, material used in erecting and completing the building, which has not been paid for by Bryan, and no receipts therefor, or other evidence showing payments, were produced to the school district or its board of directors. These actions are brought upon the bond to recover the amounts due the respective plaintiffs, severally, upon their claims for materials furnished for the school-house, as above indicated. The contract, bond, and facts first stated, are set out in the petitions of plaintiffs. The defenses, under which the objections urged by defendants to the judgment are made, are sufficiently pleaded in the answer. We will proceed to the consideration of these objections, which are expressed in the following points, quoted from the argument of defendants' counsel:

" 1. The bond in question is a statutory bond, with conditions prescribed by law.

" 2. No intent can be presumed outside the requirements of the statute.

" 3. Neither the contract nor bond shows upon its face that the plaintiff was intended to be secured thereby.

" 4. Should such intent be inferred from the language of the instruments, the district had no authority of law to contract for the benefit of third parties, and such provisions, if expressed in a contract, would be void.

" 5. That the provisions in the contract and bond, claimed to have been intended for the benefit of the plaintiffs, relate only to the reserve fund of fifteen per cent, which was never paid to Bryan."

The objections thus presented were raised in the court below by motion to strike parts of the petition, by objections to evidence, by requests for instructions to the jury, and by motion in arrest of judgment.

II. The first and second of the points presented in the foregoing quotations from counsel's argument may be admitted, for the purposes of the case, with the exception that the conditions of the bond are not prescribed by statute.

It may, therefore, be conceded that the instrument sued upon is a statutory bond, and that its provisions must conform with the intent of the statute.

Code, § 1723, provides that school-houses erected at a cost exceeding $300 shall be built under contract with the lowest responsible bidder, "and bonds with sufficient sureties for the faithful performance of the contract shall be required." Under this statute, the bond in this case was required by the school board, and was executed by defendants. Its conditions, however, are not prescribed by law, further than that they shall be such as shall secure "the faithful performance of the contract." While the conditions of the bond are not specifically prescribed, the statute clearly contemplates such as shall, in the judgment of the parties, attain the end of securing the due performance of all of the covenants of the contract.

III. We are of the opinion that the contract and bond, considered separately and together, show that all persons furnishing labor or materials to be used in the construction of the school-house were intended to be secured by the bond. The contract provides that the building should be delivered to the school district "free from liens or claims of every kind," and that fifteen per centum of the price should be reserved for payment upon the completion of the work, and the production of receipts for the payment on account of all labor or material. While it is true that no lien can be enforced against a school-house, (*Charnock v. The Dist. Tp. of Colfax*, 51 Iowa, 70,) and that no *claim*. could be enforced against the school district, it is evident that the parties intended to impose upon the contractor an obligation to pay for all labor and materials used in the construction of the building. The fact that payment could not be fully enforced until this was done, conclusively supports our conclusion. It cannot for a moment be believed that the contractor could recover upon the contract, in case it should be established that claims for labor and material remained unpaid. The conclusion is irresistible that the contract

bound Bryan to pay plaintiffs and others whatever was due them for material.

The bond in unmistakable language binds the defendants "to pay all claims for labor and material, etc., used in the construction of said building, and produce proper receipts therefor." The bond follows the contract, and, considered together, they leave no room for doubt upon this point.

It is evident that these covenants in the two instruments were not intended for the security of the school district, for the simple reason that it could never have a claim against the contractor for debts he owed to third persons. The district, as we have seen, was liable for no claim for materials or labor, and no lien existed in favor of third persons. It would suffer no loss or prejudice on account of the failure of the contractor to pay for material or labor. The bond, therefore, as to the covenants under consideration, was not intended to secure the district. It was intended to secure those to whom the contractor should become indebted on account of labor and material. There can be no doubt upon this point.

IV. It is insisted that the district has no authority under the statute to contract for the benefit of persons furnishing material and labor for the building.

Code, § 1723, prescribes that the school district shall contract for the building of the school-house, but it does not prescribe the terms of the contract. The authority to contract is general, and broad enough to cover all covenants which the directors, in their wisdom, may deem necessary or proper, in order to secure the erection of the house and the protection of the interests of the district—the objects for which the contract was made. If the directors of the district, in the exercise of their discretion, concluded that the work would be prosecuted with more rapidity, or would be better done, by securing sub-contractors, they surely would be authorized to provide therefor. That sub-contractors, knowing that they were secured, would do better work and furnish better material than if they felt uncertain about their pay, cannot be

doubted. And it is equally certain that the credit which the contractor would gain by the security would enable him to prosecute the work more rapidly and with greater hope of profit. These things, it may be readily seen, would result in great benefit to the district. It therefore cannot be doubted that the law, in conferring authority upon the directors to enter into a contract and demand a bond for its faithful performance, intended that covenants to pay the claims of sub-contractors, which would protect the interest of the district, could be incorporated therein.

The parties for whose benefit these covenants were made may prosecute actions upon the instruments containing them. Code, § 2552. *Jordan v. Kavanaugh*, 63 Iowa, 152; *Huntington v. Fisher*, 27 Iowa, 276; *Rice v. Savery*, 22 Iowa, 470.

V. We see no force in counsel's fifth point. The contract provides that the reserved fifteen per centum shall not be paid until evidence be produced of the payment of sub-contractors. Under this provision the contractor bound himself to pay the claims of the sub-contractors. If the fifteen per centum and no more could be withheld from him by the district on account of his breach of the obligation, this could be no ground of defeating plaintiffs' actions. He violated the contract, and the sureties have violated their obligation under the bond, which guarantees performance by the contractor. The extent of the contractor's liability to the district cannot measure his liability to the plaintiffs.

VI. It is insisted that, as it is not shown that the plaintiffs had knowledge of the provisions of the bond, it is not made to appear that they relied upon it. But, if these facts be admitted, it does not affect plaintiffs' right to recover. As the bond was for their benefit, they will be presumed to have relied upon it from the first, until the contrary is shown. They show, by bringing these actions, that they now rely upon the bond. They will not be required to prove when they began to rely upon it.

VII. It is claimed that the verdicts included interest from the date of the account of plaintiffs, when it should have been calculated from a day six months after the date of the last items of the accounts. So far as we are able to determine the facts, we think they do not support the position. We are unable to find that interest in excess of the sum authorized by law was allowed.

VIII. It is lastly urged that the verdicts are informal, in that they do not state that the sum found is due upon the bond, but find generally for plaintiffs. The action is upon the bond, and the conclusive inference is that the verdicts find the amount due plaintiffs thereon.

It is said that the verdicts in other matters are wanting in form, but the alleged defects are not pointed out. We are unable to discover any irregularity of form in them.

IX. The plaintiffs ask that the appeal be dismissed on the ground that the abstracts·show that the bills of exceptions were not filed in time. As the causes must be affirmed, it is not necessary to say more than that we do not think plaintiffs' objection is sustained by the facts shown by the record.

We have considered all questions discussed by counsel, and reach the conclusion that the judgment in each case ought to be

AFFIRMED.