NATHANIEL MONTGOMERY, RESPONDENT, *v.* RIEF, SPENCER AND DEE, APPELLANTS.

1. *Public Building—Contract for—Waiver—Bond.*
   Where a contractor, under a contract to construct a public building, gives a bond in the nature of a penalty for the benefit of the state, whose public buildings are not subject to liens, and the contract contains no express covenant to pay claims of material men and laborers, the state may waive its right to retain any sum reserved on account of stipulations in' the contract respecting payments for labor and material.

2. *Same—Bondsmen—Liability of—Third Parties.*
   Where a bond is given for the faithful performance of a contract for the erection' of a public building, the bondsmen, whose undertaking is for the benefit of the state, and not for material men and laborers, are not liable upon their bond to third parties for labor performed or material furnished. Nor can any new and indefinite liability be established in such case by implication in behalf of a mere stranger to the con-

tract, who might become incidentally benefited by its performance.

**3. Same—Suit.**

To entitle a third party, who may be benefited by the performance of a contract, to sue, there must have been an intention on the part of the contracting parties to secure some direct benefit to him, or there must be some privity and some obligation or duty from the promisor to the third party, which will enable him to enforce the contract, or some equitable claim to the benefit resulting from the promise or performance of the contract, and there must be some legal right on the part of the third party to adopt and claim the benefit of the promise or the contract.

(No. 824.  Decided Oct. 13, 1897.)

Appeal from the Second district court, Weber county. Ogden Hiles, *Judge.*

Action by Nathaniel Montgomery against Anton Rief and others. From a judgment for plaintiff, defendants Hiram Spencer and Thomas Dee appeal. *Reversed.*

*Evans & Rogers* and *Moyle, Zane & Costigan,* for appellants.

*Richards & Macmillan* and *A. E. Pratt,* for respondent.

That Spencer and Dee were liable to material men by the terms of the bond, see: *Shamp* v. *Myer,* 20 Neb. 223; *Cooper* v. *Foss,* 15 Neb. 515; *Stewart* v. *Snelling,* 15 Neb. 502; *Sample* v. *Hale,* 34 Neb. 220.

The court erred in sustaining the demurrer. *Lyman* v. *City of Lincoln,* 57 N. W. 532–3; *Barker* v. *Bryan* (Iowa) 21 N. W. 83.

In this country, the preponderance of authority is to the effect that a plaintiff may bring suit on a simple contract to which he is not a party when it contains provi-

sion for his benefit.  2 Wharton on Contracts, sec. 785; See note to *Linemann* v. *Morriss,* 39 Am. St. 531-2-3; *Mann* v. *Corrigan,* 28 Kan. 141; *Merriman* v. *Moore,* 90 Pa. St. 78; *Society of Friends* v. *Haines,* 25 N. E. 119; *Lawrence* v. *Fox,* 20 N. Y. 268; *Burr* v. *Beers,* 24 N. Y. 178; *Hendrick* v. *Lindsay,* 93 U. S. 143; 1 Pars. Cont. (8 ed.) 468; *Kaufman et al.* v. *U. S. Bank,* 48 N. W. 738; *Miliani* v. *Rognini,* 19 Nev. 133; *Ruhling* v. *Hackell,* 1 Nev. 360; *Alcada* v. *Morales,* 3 Nev. 132; *Bishop* v. *Stewart,* 13 Nev. 25; *Baker et al.* v. *Elgin,* 8 Pac. 280 and note; *Snyder* v. *White et al.,* 8 Pac. 652; *Ehow* v. *Simonton et al.,* 3 Colo. 348; *Follansbe* v. *Menage et al.,* 9 N. W. 838 and cases; Pomeroy's Code Remedies, secs. 139-140; 1 Rapalje's Dig. Am. Dec. p. 280, pars. 5-6; 1 Rapalje's Dig. Am. Dec. p. 852, pars. 158-159; Notes to 43 Am. Dec. 739; Notes to 35 Am. Dec. 621-624; Notes to 92 Am. Dec. 349; *Todd* v. *Weber,* 95 N. Y. 184; 4 Am. and Eng. Enc. of Law, (2 ed.) p. 651, sec. 4, *Beneficial Obligees* and note 2, p. 652 and cases; *Wright* v. *Terry,* 2 So. Rep. 10, see note; *Jeffries* v. *Myers,* 9 Ind. App. 563; *Fatout* v. *Board,* 102 Ind. 223.

BARTCH, J.:

This is an action on a bond, brought against Rief, as principal, and Spencer and Dee, as sureties, to recover the sum of $2,576.69.  It appears from the complaint that Rief was the original contractor for the erection of the building for the Agricultural College of Utah; that he executed an agreement with the trustees of the college to erect the building, and, with the appellants as bondsmen, executed and delivered to the trustees a bond for the faithful performance of his contract; that one William Bailey furnished certain material for the construction of the building; and that, after a portion of his claim for materials had been paid him, Bailey assigned the balance

thereof to the plaintiff, which, upon the default of the contractor, the sureties refused to pay. The defendants Spencer and Dee demurred to the complaint on the ground that it did not state a cause of action. The demurrer was overruled, whereupon they answered, and the cause was tried, and judgment rendered in favor of the plaintiff in the sum of $2,231.13. This appeal is from the judgment.

The demurrer raised the question whether, under the contract and bond, the obligations of the sureties extended to persons who furnished material for the construction of the building. It may be observed that the respondent claims no liability by virtue of any statute, but relies solely on the terms of Rief's contract and bond. The contract was executed for the erection of a public building. It provided, *inter alia*, that Rief should furnish all the material and perform the labor necessary to complete the building according to the plans and specifications furnished by Thompson & Wiegel, architects, and turn the same over to the trustees ready for use, with the exception of the steam heating; that the contract price was to be $71,000, which he was to receive in partial payments, from time to time, as the work progressed, based upon estimates to be furnished by the architects or superintendent, showing the value of the material and labor in the building, less 20 per centum thereof; that at the completion of the building the 20 per centum of the contract price should not be due and payable until 10 days after the completion of the work, and then "only in the event that there shall be no liens or incumbrances upon said property for labor done or materials furnished by or through said party of the second part"; that Rief should furnish a bond for the faithful performance of his contract; and that upon the completion of the work, and its

acceptance by the trustees, at any time when Rief should
show to the satisfaction of the trustees, "by the produc-
tion of pay rolls, receipts, and releases, that all labor per-
formed and materials furnished" by or through Rief had
been fully paid for, "the retained twenty per centum"
should be due and payable. The bond was made to "the
territory of Utah, for the use and benefit of the Agricul-
tural College." Such are the provisions relied upon by
the respondent in this case. As will be observed upon
examination, neither in the contract nor bond is the name
of the plaintiff or of his assignor mentioned. Nor is there
any express covenant which expressly requires the con-
tractor to pay material men and laborers for their ma-
terial and labor before turning over the building to the
trustees, and discharging his bondsmen; and yet, in sup-
port of the ruling and judgment of the court below, the
respondent invokes the doctrine of those cases in which a
promise to one person, for the benefit of another, has
been enforced at the suit of the latter. This doctrine,
although originally an exception to the rule that, to en-
able a party to sustain an action upon a contract, it must
be a contract between the parties, has become so far-
reaching in its application and consequences that, within
certain limitations, it has become recognized as an
affirmative rule. It would be useless, however, to at-
tempt to reconcile the cases upon the doctrine and the
application of the rule. This question has been the sub-
ject of much controversy in the courts, and as a result the
prevailing doctrine in this country, as shown by the
weight of authority, doubtless is that, where a promise or
contract has been made between two parties for the bene-
fit of a third, an action will lie thereon at the instance
and in the name of the party to be benefited, although the
promise or contract was made without his knowledge,

and without any consideration moving from him. Pars. Cont. 467; *Hendrick* v. *Lindsay*, 93 U. S. 143; *Lawrence* v. *Fox*, 20 N. Y. 268; *Howsmon* v. *Water Co.*, 119 Mo. 304; *Ellis* v. *Harrison*, 104 Mo. 270; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 N. Y. 82; *Sayward* v. *Dexter, Horton & Co.*, 19 C. C. A. 176; *Linneman* v. *Moross*, 39 Am. St. Rep. 528; *Miliani* v. *Tognini*, 19 Nev. 133; *Lumber Co.* v. *Wagner*, 67 Cal. 293; *Parker* v. *Jeffery*, 26 Or. 186; *Phillips* v. *Van Schaick*, 37 Iowa 229; *Stevens* v. *Flannagan*, 131 Ind. 122; *McDowell* v. *Lacy*, 35 Wis. 175; *Maxcy* v. *Insurance Co.*, 54 Minn. 272. The rule has also been recognized in this state. *Clark* v. *Fisk*, 9 Utah 94; *Thompson* v. *Cheesman*, 15 Utah 43.

One of the most fruitful sources for the application of this rule is where, under contract between two parties, assets or funds have come into the hands or under the control of the promisor, which in equity constitute a trust fund for the benefit of a third party. In such event the beneficiary may sue in his own name. In this class of cases, however, the implied undertaking which the law raises from the possession of the fund, rather than an express provision, appears to be the foundation of the suit. So, where the vendee assumes and agrees with the vendor to pay a mortgage, the payee, although not aware of the agreement or promise at the time it was made, and without any new consideration moving from him, may, upon default, bring an action in his own name against the vendee. Likewise in cases of official bonds, where the statute confers the right on a stranger to the bond; and there are other instances where the doctrine may be invoked, but it cannot be applied to every contract the performance of which may benefit a third party who is a stranger to it. If mere strangers to a contract could maintain an action thereon because of any indirect or

incidental benefit which might accrue to them through its performance, there could be no certain limit respecting the number and character of actions which might be maintained thereon. No such application of the doctrine, however, has been intended, and he who invokes it must show something more than incidental and indirect benefit. To entitle a third party, who may be benefited by the performance of a contract, to sue, there must have been an intention on the part of the contracting parties to secure some direct benefit to him, or there must be some privity and some obligation or duty from the promisor to the third party which will enable him to enforce the contract, or some equitable claim to the benefit resulting from the promise or the performance of the contract, and there must be some legal right on the part of the third party to adopt and claim the benefit of the promise or contract. "To entitle him to an action," said Mr. Justice Rapallo in *Garnsey* v. *Rogers*, 47 N. Y. 233, "the contract must have been made for his benefit. He must be the party intended to be benefited." In *Sayward* v. *Dexter, Horton & Co., supra,* it was said: "But it is not every contract for the benefit of a third person that is enforceable by the beneficiary. It must appear that the contract was made and was intended for his benefit. The fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions." *Jefferson* v. *Asch,* 53 Minn. 446; *Vrooman* v. *Turner,* 69 N. Y. 280; *National Bank* v. *Grand Lodge,* 98 U. S. 123; *Parker* v. *Jeffery,* 26 Or. 186; *Chung Kee* v. *Davidson,* 73 Cal. 522; *Eaton* v. *Waterworks Co.,* 37 Neb. 546; *Lumber Co.* v. *Miller* (Or.), 43 Pac. 659; *Washburn* v. *In-*

*vestment Co.*, 26 Or. 436; *Burton* v. *Larkin* (Kan. Sup.), 13 Pac. 398; *Constable* v. *Steamship Co.*, 154 U. S. 51; *Simson* v. *Brown*, 68 N. Y. 355; 4 Am. & Eng. Enc. Law, 653.

Testing the case at bar by these principles, it becomes manifest that the doctrine, as to third parties, does not apply, and that the respondent cannot maintain this action. The promisors, Spencer and Dee, made no promise to pay for material and labor used by Rief in the performance of his contract, and owed no duties to third parties. Nor did the territory, as promisee, owe any legal duty to persons who might furnish material or labor to Rief for the construction of the building, having had no contractual relation with and obtained nothing from them. Nor does it appear that any relation existed between the trustees and Rief which could inure to the benefit of material men and laborers, and render the sureties liable. It is true, the contract provides that Rief shall furnish all the material and labor necessary to complete the building, but it nowhere contains a covenant that he shall pay for all such material and labor before the building shall be turned over by him and accepted by the trustees. Nor does the bond contain any such covenant. The provisions of the contract hereinbefore referred to and quoted, and on which the respondent relies, when read and construed together, constitute merely a condition showing when, and under what circumstances, Rief should be entitled to receive the 20 per centum, the payment of which was to be withheld during the erection of the building. If the condition were not complied with, the consequence was simply to be the forfeiture of the 20 per centum, which was in the nature of a penalty, if the trustees insisted on it; but the forfeiture could be waived by the territory for whose benefit it was provided, especially in this case, where no liens could attach, because

of the premises belonging to the public, and the structure being a public building. From an examination of all the provisions of the contract, it is manifest that those relied upon were intended merely as a protection to the territory, and that the bond was neither made nor intended for the benefit of material men and laborers. How, then, can it be maintained that the respondent has a right to sue the sureties? There was no express covenant to compel Rief to pay for material and labor, and it does not appear that any privity of contract existed between him and the appellants; nor that there was any obligation or duty from them to him; nor that the respondent has any legal right to adopt and claim the benefit of the contract or bond of Spencer and Dee. They were liable only to the territory, for the faithful performance of the contract of Rief, to the extent of the penalty provided in the bond, and cannot be held liable beyond the terms of their contract. Nor can a new and undefined liability be established by implication in behalf of a mere stranger to the contract, who thereby might become incidentally benefited. In *Parker* v. *Jeffery, supra,* which is a case in many respects similar to the one at bar, the city of Portland entered into a contract with certain parties for the construction of a sewer, wherein it was stipulated that the contractors "would pay all sums of money due at the completion of the work, or hereafter to become due, for material used in, and labor performed on or in connection with, said work." A bond conditioned for the faithful performance of the contract was executed, and the plaintiffs therein brought suit against the sureties on the bond to recover on a claim for materials, but the court held that they could not maintain the action, and sustained a general demurrer to the complaint. In delivering the opinion, Mr. Chief Justice Bean said: "It seems clear that plaintiffs cannot maintain this

action, because there was no promise by Jeffery & Bays to pay for labor and material used by Robertson Brothers in the performance of their contract with the city; nor was the bond taken by the city for the benefit of parties who might furnish such labor or material, but to indemnify and save it harmless from loss or damage by the failure of Robertson Brothers to perform their contract. The obligation of Jeffery & Bays is measured by the terms of their contract, which is an ordinary penal bond, by which they acknowledge themselves indebted to the city of Portland in the sum of one thousand nine hundred and forty dollars, and which they bind themselves to pay to the obligee in the bond, and not to any other person." So, in *Simson* v. *Brown, supra,* one Macdonald assigned to the plaintiff a bond and mortgage to secure $500, executed to him by Boyd, who subsequently paid the bond without notice of the assignment. Afterwards Macdonald executed a bond to Boyd, in the penal sum of $1,000, conditioned that, if the obligor pay to plaintiff the amount of the bond and mortgage, and save Boyd harmless therefrom, the bond should be void. .The defendant guarantied the payment of the bond. It was held that the plaintiff had no cause of action, as the obligation was not to pay to him, but to Boyd, and the condition was not a promise, but an alternative for the benefit of the obligor, providing a way by which he might be discharged from his obligation. Mr. Justice Folger, delivering the opinion of the court, said: "It is not to be denied that the performance of the condition of the bond to Boyd would have worked consequentially a benefit to Simson, if it had been performed by the payment of the $500 and interest to him. It might, then, be said in a way to have been a benefit to him in the execution of it. But it is not every promise made by one to another, from the performance of

which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited." An examination of authorities will show that the judges have with considerable reluctance yielded assent to the doctrine that, where a contract is made between two, for the benefit of a third, the latter may sue thereon in his own name; and among the cases cited by counsel for the respondent there appears to be none in which the provisions of the contract in controversy were like those herein considered. Upon examination of those cases in which the contract relied upon is at all similar to the one in the case at bar, it will be observed that there was generally an express covenant that the contractor should pay the claims of material men and laborers. We have no disposition to extend the doctrine relating to third parties to new and doubtful cases, and are of the opinion that the bond of the appellants created no liability in favor of the respondent, that the complaint stated no cause of action, and that the demurrer to it ought to have been sustained. Having reached this conclusion, it is unimportant to discuss the other questions presented. The cause is reversed and remanded, with directions to the court below to dismiss the action, and enter judgment in favor of the appellants for costs.

ZANE, C. J., and MINER, J., concur.