[L. A. No. 680.    Department One.—July 31, 1900.]

UNION SHEET METAL WORKS, Respondent, v. S. C. DODGE et al., Appellants.

MECHANIC'S LIEN LAW—CONSTRUCTION OF SCHOOLHOUSE—BOND OF CONTRACTOR—RECITAL OF CONSIDERATION—GUARANTY TO THIRD PERSONS—ESTOPPEL OF SURETIES.—The validity of a bond given by a contractor for the faithful performance of his contract to build a public schoolhouse, which recites a valuable consideration, and guarantees payment in full of all claims of subcontractors, laborers, and materialmen due to them from the contractor, and states that the bond shall inure to their benefit, does not depend upon the applicability or operation of the mechanic's lien law to a public building. It is sufficient that the bond is not prohibited by law; and persons who bring themselves within the terms of the guaranty may sue the sureties upon the bond, and the sureties are estopped in such action to deny the validity of their undertaking.

Id.—Evidence—Effect of Bond Upon Party Furnishing Materials and Labor — Harmless Ruling.—The admission of evidence to show what effect the making and giving of the bond had upon the plaintiff in furnishing materials and labor to the contractor is harmless. The plaintiff, as matter of law, had a right to rely upon the bond.

Id.—Question as to Nature of Bond—Province of Witness.—It is not the province of a witness to determine the question whether the bond was a common-law bond or a statutory bond; and it is not error to exclude a question, asked upon cross-examination, as to whether the plaintiff relied upon a statutory bond at the time of entering into the contract.

Id.—Immaterial Finding—Consideration of Labor and Materials—Execution of Bond—Presumption.—A finding that the consideration of the furnishing of the labor and materials was the execution of the bond is immaterial, and need not be supported by the evidence. The bond being for the benefit of the plaintiff, the labor and material are presumed to have been furnished in consideration of the whole contract, including the bond.

APPEAL from a judgment of the Superior Court of Los Angeles County.   M. T. Allen, Judge.

The facts are stated in the opinion.

McKinley & Graff, for Appellants.

The mechanic's lien law has no application to public buildings. (*Mayrhofer v. Board of Education,* 89 Cal. 110[1]; *Whittaker v. County of Tuolumne,* 96 Cal. 101; *Witter v. Mission School District,* 121 Cal. 350[2]; *Skelly v. School District,* 103 Cal. 652; *Bouton v. McDonough,* 84 Ill. 396; *Frank v. Chosen Freeholders,* 39 N. J. L. 347.)   The legislature has adopted an exclusive provision for the protection of laborers and materialmen in case of public buildings, which was not followed in this case.   (Stats. 1897, p. 201.)   The bond is not a good, common-law bond, having been made to secure a statutory privilege under section 1203 of the Civil Code.   (*Powers v. Chabot,* 93 Cal. 269.)   This action cannot be maintained under section 1559 of the Civil Code, the provision for the benefit of third parties being merely incidental to the supposed statutory obligation.

[1] 23 Am. St. Rep. 451.

[2] 66 Am. St. Rep. 33.

(*Buckley v. Gray,* 110 Cal. 346[3]; *Savings Bank v. Thornton,* 112 Cal. 259; *Biddel v. Brizzolara,* 64 Cal. 354.)   A municipal corporation cannot make a contract for the benefit of third persons. (*Breen v. Kelly,* 45 Minn. 352.)   The bond is payable to the school district, and plaintiff cannot sue upon it in his name. (*Casteele v. Cornwall,* 5 Cal. 426.)   The bond contravenes public policy, and cannot be considered a common-law bond. (*Morgan v. Menzies,* 60 Cal. 343; *Benedict v. Bray,* 2 Cal. 254.[4])

Milton K. Young, and Charles T. Howland, for Respondent.

Though no lien can be taken upon a public building, which cannot be subjected to forced sale, yet it does not follow that other provisions of the statute, not involving a lien, are not inapplicable.   (*Bates v. Santa Barbara,* 90 Cal. 543.)   The bond, if not expressly provided for in section 1203 of the Civil Code, is good as a common-law bond.   (*Williams v. Markland,* 15 Ind. App. 669; *Baker v. Bryan,* 64 Iowa, 561; 21 N. W. Rep. 84; *Knapp v. Swaney,* 56 Mich. 349[5]; *Sample v. Hale,* 34 Neb. 220; 51 N. W. Rep. 837; *Doll v. Crume,* 41 Neb. 655; 59 N. W. Rep. 806; *Kaufmann v. Cooper,* 46 Neb. 644; 65 N. W. Rep. 796; *Fitzgerald v. McClay,* 47 Neb. 816; 66 N. W. Rep. 828; *Lyman v. Lincoln,* 38 Neb. 794; 57 N. W. Rep. 531.)   A bond may be given with the intention that it shall be a statutory, and still be good as a common-law, bond, if it violates no statute or public policy.   (*Carnegie v. Hulbert,* 70 Fed. Rep. 215; *Morgan v. Menzies,* 60 Cal. 348.)   An action will lie in favor of one for whose benefit a common-law contract is made. (*Lawrence v. Fox,* 20 N. Y. 268; *Coster v. Mayor of Albany,* 43 N. Y. 399; *Lyman v. Lincoln, supra; Baker v. Bartol,* 7 Cal. 551; Civ. Code, sec. 1559; 7 Am. & Eng. Ency. of Law, 2d ed., 106; *Hendrick v. Lindsay,* 93 U. S. 143.)

COOPER, J.—Appeal from judgment on the judgment-roll and a bill of exception.   The facts are substantially as follows:

On the 25th of August, 1897, one Lutge entered into a written agreement with the "Long Beach city school district" in

---

[3] 52 Am. St. Rep. 88.

[4] 56 Am. Dec. 332.

[5] 56 Am. Rep. 397.

Los Angeles county to furnish material and build a public schoolhouse in the town of Long Beach upon the premises described in said agreement for the sum of eleven thousand two hundred and sixty-nine dollars. It was provided in said agreement that Lutge should, at the time of the execution thereof, also execute and deliver to said district an undertaking in the sum of ten thousand dollars, with sufficient sureties for the faithful performance of the contract. The said undertaking was executed and delivered to the said district with the defendants as sureties thereon. It was expressly provided therein as follows:

"We further agree that he will pay all his subcontractors, laborers, and materialmen all the moneys that may become due them by reason of labor or materials under the contract, and we hereby guarantee to them the payment in full of all their claims, and hold ourselves responsible to them in the sum of ten thousand,($10,000) dollars in legal money of the United States, or as much as may be necessary of the said sum to pay them in full for all labor and materials furnished for said building, whether inclusive or exclusive of the contract price of the same. And this bond shall inure to the benefit of any and all persons who labor for or furnish materials to the said contractor, or any person acting for him or by his authority."

On December 7, 1897, Lutge, without having completed the schoolhouse, abandoned the contract, and at the time of such abandonment was indebted to plaintiff in the sum of seven hundred and forty-nine dollars, for labor and material performed upon and used in the construction of the building, which sum has not been paid. This action is brought against defendants on said undertaking to recover the amount due plaintiff. It is not contended that the amount is not due and owing to plaintiff by Lutge, neither is it contended that defendants did not agree that the materialmen and laborers should be paid as provided in the undertaking.

It is claimed by defendants that as the school building to be erected by Lutge was not and could not be subject to any lien by the contractor, or anyone else, that the school district had no authority to demand the undertaking of Lutge, and that the

undertaking was without consideration and void, and that plaintiff is not in privity therewith. It is said that the provisions of section 1203 of the Code of Civil Procedure, as to filing a bond with sureties, relates entirely to contracts required to be filed under the preceding sections, and to contracts by owners whose property is subject to liens, and not to a contract with a school district where no lien could under any circumstances be filed upon the property of the district.

It is further claimed that section 1203, if ever in force as to a contract for the erection of a public building, has been repealed by an act of March 27, 1897, requiring contractors to give bonds to secure the claims of materialmen, mechanics, and laborers employed upon state, municipal, or other public work. (Stats. 1897, p. 201.) It is not claimed by plaintiff that the undertaking was given in pursuance of the act of 1897, and therefore that act need not be discussed. Neither is it necessary to determine whether or not section 1203 has been repealed as to public buildings by the said act. The defendants for and on behalf of Lutge, and to enable him to secure the contract, became his sureties. They bound themselves in express terms that all persons furnishing labor or material for said building should be paid. Their contract contained the recital that it was for a valuable consideration. Plaintiff furnished labor and material and brought itself within the terms of the contract made by defendants. The undertaking, if not expressly authorized by statute, was not prohibited. It was not against public policy or good morals, nor in contravention of any statute. To hold the undertaking valid and binding is only to compel the defendants to do the thing they bound themselves to do. To hold the bond void upon a technical construction that it was not a valid statutory bond would be to leave the plaintiff without the security which it had the right to rely upon at the time it furnished the labor and materials. The contention that section 1203 applies only to contracts required to be filed is not supported by any authority, and the section has in effect been construed the other way in *Kiessig v. Allspaugh*, 91 Cal. 234. In that case the contract price exceeded one thousand dollars, and the contract was not recorded as required by section 1183 of the Code of Civil Procedure. It was contended that as the

contract was not recorded it was void, and as the contract was void the bond was equally so and incapable of enforcement. This court held the bond valid and supported by sufficient consideration, and in the opinion it is said: "The bond may, therefore, be deemed so far an independent undertaking that the right to enforce it does not depend upon the subsequent or continued validity of the building contract. As already stated, this bond is not within the letter of section 1183 of the Code of Civil Procedure, and, it may be added, that it is not within its reason or spirit, and its enforcement is not in conflict with the policy of that section. We do not think that the appellant, after delivering this bond as an independent security, and thereby inducing the plaintiff to make full payment of the contract price for the construction of the building, is in a position to deny his liability upon it; and if in order to support this action it is necessary that the bond should be based upon a valid building contract, we should hold that the appellant is estopped to dispute the truth of the particular recital contained in the bond as to such fact."

This case was followed and approved in *Kiessig v. Allspaugh*, 99 Cal. 454, where it was held that, although the contract was void because not recorded, the bond was valid and binding upon the sureties. In the opinion it is said: "But the failure to file this contract with the recorder was not an omission to discharge any duty which the plaintiff owed to the defendant as a surety, and did not add to the obligation imposed upon him by the terms of the bond which he signed. Undoubtedly, the defendant might have stipulated in the bond that the building contract should be filed as a condition precedent to his liability as a surety; but he did not do so, and the court is not authorized to construe or interpolate such a condition into the bond, and in this respect to make a new contract for the parties who executed it."

The fact that a lien could not be filed by plaintiff upon the building was, in contemplation of law, known to the sureties when they signed the undertaking. By the undertaking they bound themselves to pay the obligations that might be incurred by their principal. This obligation having been incurred by

the principal, under the contract of guaranty made by defendants, is binding upon them. They are estopped from claiming that the undertaking was not the particular kind of undertaking required by the codes.

The late case of *Williams v. Markland*, 15 Ind. App. 669, is directly in point, and supports the views herein expressed. In that case the trustees of a school district in letting a contract for building a schoolhouse, had no statutory authority to require a bond of the contractor, but they did require and take such bond, with defendants as sureties. The bond was conditional for the payment by the principal for all material and labor employed in the construction of the schoolhouse. It was held that the plaintiff could recover of the sureties for material and labor furnished to and used by their principal in the construction of the building. In the opinion the court said: "The taking of such an obligation, under the circumstances under which this was given, is within the scope of the ordinary administrative duties of the trustee, although he may not be by law absolutely required so to do. No special statutory authority is required to make it valid. While the question is a new one in this state, it has been considered in other jurisdictions, and our holding is in harmony with those adjudications. In Iowa the decision is based upon the ground that such a contract is, or may be, for the advantage of the public, by assuring better work and better material more promptly provided by reason of the credit given the contractor by this assurance that laborers and materialmen will be thus secured. (*Baker v. Bryan*, 64 Iowa, 561.)"

The same rule has been laid down by the supreme court of Michigan in *Knapp v. Swaney*, 56 Mich. 349[6]; and by the supreme court of Nebraska in *Doll v. Crume*, 41 Neb. 655; *Kaufmann v. Cooper*, 46 Neb. 644; *Fitzgerald v. McClay*, 47 Neb. 816.

The secretary of the plaintiff while on the stand as a witness was asked by plaintiff's counsel what effect the making and giving the bond had upon his entering into the contract on behalf of the plaintiff. The defendants' objection to the ques-

[6] 56 Am. Rep. 397.

tion was overruled, and the ruling is assigned as error. Conceding the ruling to be error, it is harmless. The plaintiff as a matter of law had a right to rely upon the bond. (*Baker v. Bryan, supra.*) For 'the same reason it was not error to sustain plaintiff's objection to a question asked of the same witness in cross-examination as to whether he relied upon a statutory bond at the time of entering into the contract. The question as to whether the bond was a common-law bond or a statutory bond was not one which it was the province of the witness to determine.

The tenth finding was to the effect that the labor and material furnished by plaintiff was so furnished in consideration of the execution of the bond, and is challenged as having no support in the evidence. The finding is wholly immaterial and it is not necessary to determine whether or not it is supported by the evidence. If what has been herein said is correct it follows that the bond was for the benefit of plaintiff, and the labor and material are presumed to have been furnished in consideration of the whole contract including the bond.

It follows that the judgment should be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.