## SMITH v. BOWMAN et al.

No. 1785. Decided January 15, 1907 (88 Pac. 687).

1. CONTRACTS — THIRD PERSONS AS BENEFICIARIES — RIGHT OF RECOVERY.—Where a contract is made between two parties for the benefit of a third, an action will lie in the name of the beneficiary, though the contract is made without his knowledge and without consideration moving from him.

2. STATES — CONTRACTS — BONDS —BUILDING CONTRACTORS—RIGHTS OF MATERIALMEN.—Though under Revised Statutes 1898, section 1399, mechanics' liens cannot be filed against public buildings, and there is no express legislative authority for the trustees of the State agricultural college to take a bond from a contractor securing the payment for material and labor used in constructing a building, a bond taken by them for the benefit of materialmen and laborers would be valid and enforcible by the beneficiaries.

3. PRINCIPAL AND SURETY — LIABILITY OF SURETY—BUILDING CONTRACTOR'S BOND.—Under the rule that the liability of sureties cannot be extended by implication beyond the terms of their contract, a bond conditioned that a contractor in constructing a building for a State agricultural college would pay all charges made against him, running in favor of the trustees and all persons who might become entitled to liens, did not render the sureties liable to one who furnished material, though under the statute no mechanics' liens could have attached to the building.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by F. P. Smith against J. H. Bowman and others. Plaintiff appeals from the judgment.

AFFIRMED.

*Everard Bierer* for appellant.

*Henderson, Pierce, Critchlow & Barrette* and *Dye & Stephens* for respondents.

[1] Montgomery v. Rief, 15 Utah 495, 50 Pac. 623; Brown v. Markland, 16 Utah 360, 52 Pac. 597, 67 Am. St. Rep. 629.

32 Utah—3

### APPELLANT'S POINTS.

"Where a promise or contract has been made between two parties for the benefit of a third person, an action will lie thereon at the instance and in the name of the party to be benefited, although the promise or contract was made without his knowledge and without any consideration moving from him." (*Baker v. Bryan,* 64 Ia. 261, 21 N. W. 83; *Lumber Co. v. School District* [Iowa], 90 N. W. 504; *Jordan v. Kavanaugh,* 63 Ia. 152, 18 N. W. 851; *Williams v. Markland,* 15 Ind. App. 669; 44 N. E. 562; *St. Louis v. Von Phul,* 133 Mo. 561, 34 S. W. 844; *Devers v. Howard,* 144 Mo. 671, 46 S. W. 625; *Lyman v. Lincoln,* 38 Neb. 794, 57 N. W. 531; *Sample v. Hale,* 34 Neb. 220, 51 N. W. 837; *Plumbing & Heating Co. v. McClay,* 43 Neb. 649, 62 N. W. 531; *Knapp v. Swaney,* 56 Mich. 349, 23 N. W. 162; *Metal Works v. Dodge,* 129 Cal. 390, 62 Pac. 41; *Surety Co. v. Cement Co.,* 9 Kan. App. 8, 57 Pac. 237.)

### RESPONDENT'S POINTS.

In *Spalding Lumber Co. v. Brown* (Ill.), 49 N. E. 725, the court held that sureties on a contractor's bond conditioned that the contractor "shall only perform said contract, and all the covenants and agreements therein contained, and shall pay and discharge from said premises all liens for material, labor or otherwise which may accrue on account of said building contract" are not liable for the contractor's failure to pay subcontractors, who have no lien on the building. (2 Brandt on Suretyship (3 Ed.), sec. 748.) Nothing is clearer both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of the contract. (*Coughran v. Bigelow,* 9 Utah 260, 266, and cases cited; *Victor S. M. Co. v. Crockwell,* 2 Utah 557.) It is questionable whether the trustees had authority beyond the powers expressly authorized by law to extend the obligation to include third parties as obligees, or to add conditions additional to those specified in the statute. That they had no such authority

has received judicial sanction. (*Breen v. Kelly,* 45 Minn.
532, 47 N. W. 1067; *Park B. & Co. v. Sykes,* 67 Minn. 153,
69 N. W. 712; *Becker v. Keokuk,* 79 Iowa 419, 44 N. W.
694; 2 Brandt on Sur. [3 Ed.], sec. 617; *Board of Educa-
tion v. Grant,* 64 N. W. 1050, and cases cited. Superadded
conditions regarded as surplusage.   27 Am. & Eng. Enc.
Law [2 Ed.], 540, notes and cases.)

What is said above with reference to contracts generally,
applies with peculiar force in the case of a contract of surety-
ship. A surety is said to be a favorite in law. He gets no
value received for his accommodation; he helps along busi-
ness. True, he cannot for those reasons evade his express
promise, but beyond the exact and express promise so made
he is not liable either by implication or construction or in-
terpretation. As stated in the books, his liability is *strict-
issimi juris.* Applying that rule in this case, it becomes easy
to see where appellant is seeking to hold sureties in this
case beyond the strict letter of their bond. (1 Brandt on
Suretyship, sec. 93; *Coughran v. Biglow,* 9 Utah 261; *Cade-
nasso v. Antonelle,* 127 Cal. 382.)

The cases in the first two subdivisions below go further
than we need to go in order to establish our position. In
each of those cases, in spite of the fact that there was a
promise, either in the bond or the building contract, or
both, that materialmen should be paid for their material,
still, for reasons announced in the several opinions, it was
held that there was no cause of action in favor of material-
men against sureties on the bond. The cases in the third
subdivision below are entirely analogous to the case before
us, and, because they each disclose facts upon which an is-
sue similar to the one in this case is raised, are convincing
authority in this case.

(1) Where there is an express agreement in the building
contract that the contractor shall pay all materialmen and
laborers, and the bond undertakes to assure the faithful per-
formance of the building contract. (*Electric Appliance
Co. v. Fidelity & Guaranty Company* [Wis.], 53 L. R. A.

609; *Parker v. Jeffery* [Ore.], 37 Pac. 712; *Lumber Co. v. Miller* [Ore.], 43 Pac. 659.

(2)  Where there is an express promise in the bond; that is, in the obligation thereof, that the sureties will see that materialmen and laborers dealing with the contractor shall be paid, but where there is no such promise in the building contract.  (*Breen v. Kelly* [Minn.], 47 N. W. 1067; *Sears v. Williams* [Wash.], 37 Pac. 665; 38 Pac. 135 [Rehearing].)

(3)  Where there is no agreement in the building contract that the contractor shall pay materialmen or laborers, and no obligation in the bond binding the sureties to see them paid; but where such payment was merely a condition in the bond, or where there was some other feature in bond or contract upon which materialmen sought to   base   claims against sureties.   (*Townsend v. Cleveland Fire-proofing Co.* [Ind.], 47 N. E. 707; *Bldg. Co. v. Wilson* [Mich.], 67 N. W. 125 [discussing *Knapp v. Swaney*]; *Hunt v. King* [Iowa], 66 N. W. 71; *Weller v. Goble* [Iowa], 23 N. W. 290; *Lumber & Ice Co. v. Parker* [Ind.], 65 N. E. 747; *Hart v. State,* 21 N. E. 654; *Montgomery v. Rief,* 15 Utah 495.)

STRAUP, J.

The State Agricultural College of Utah entered into a contract with the defendants, Bowman and Hodder, for the construction of a college building.   The contract, so far as material, provided that the contractors should furnish all material and labor necessary to construct the building, and complete the same in workmanship satisfactory to the architect, and in accordance with plans and specifications.   The college agreed to pay eighty-five per cent. of the value of the work as it progressed and as it was incorporated into the building.   The remaining fifteen per cent. was made payable upon the acceptance of the building by the trustees, providing, among other things, that the building was "free from all liens or right of liens for debts due or claimed to be due from the contractors, and satisfactory evidence thereof

furnished to the owner." To secure the faithful performance of the contract, the contractors furnished a bond signed by the defendants. Wilson and McGurrin, which, so far as material, bound them "unto the State Agricultural College as well as to all persons who may become entitled to liens under the contract (hereto attached) in the sum of $22,000 to be paid to the said agricultural college and to said parties who may be entitled to liens;" and provided that "the condition of this obligation is such that if the above bounden Bowman, Hodder & Co. shall in all things stand to and abide by, and well and truly keep and perform the covenants and agreements in the hereto attached contract," entered into between the said college and Bowman, Hodder & Co., "and. shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Bowman, Hodder & Co. in carrying out the said contract, and complete the same, free of all mechanics' liens, and shall truly keep and perform the covenants, conditions and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs, including attorney's fees, in enforcing the payment and collection of any and all indebtedness incurred by said Bowman, Hodder & Co. in carrying out said contract, then the above obligation shall be void; else to remain in full force and virtue. This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person." The plaintiff and his assignor furnished material to the contractors which was used by them in the construction of the building. A part of the material so furnished remained unpaid. This suit was thereupon brought by plaintiff against Bowman, Hodder & Co. and against Wilson and McGurrin, their sureties, to recover payment for such unpaid material. The complaint substantially contained the foregoing facts. No defense was made by Bowman, Hodder & Co. At the trial the defendants Wilson and McGurrin objected to the

introduction of any evidence, on the ground that the com-
plaint stated no cause of action against them. The objection
was sustained by the court, and judgment was thereupon
entered in favor of plaintiff and against the contractors, but
not against Wilson or McGurrin. From this judgment
plaintiff appeals.

It is contended by the appellant that Wilson and McGur-
rin, by the execution of the bond, undertook, not only to bene-
fit the agricultural college but also intended to benefit other
persons of which plaintiff is one, and that such intention is
apparent upon the face of the bond, and therefore plaintiff
is entitled to maintain this action against them. On the
contrary, it is asserted by respondents that no such inten-
tion is indicated by the terms of the bond, that the bond was
given only for the benefit of the agricultural college and
those who may be entitled to liens, and that the plaintiff
has not brought himself within the class entitled to liens,
and therefore he cannot maintain the action against them.
By statute it is expressly provided that the provision of the
mechanic's lien statute does not apply to a public build-
ing, structure, or improvement. (Section 1399, Rev. Stat.
1898.) It is conceded by the appellant that the building
constructed is a public building, that plaintiff was not en-
titled to a lien, and that his claim could not lawfully be as-
serted against the college. It, however, is urged by him that
the signers of the bond intended to and did make themselves
liable for the failure of the bounden contractors to dis-
charge and pay all indebtedness incurred by them in carry-
ing out the contract, and thus bound themselves for the fail-
ure of the contractors to pay for materials furnished to and
used by them in the construction of the building, and that
such obligation was not only for the benefit of the agricul-
tural college, but also for the benefit of those who might fur-
nish such material.

In determining the question it is well to bear in mind that
sureties are favorities of the law, and that their liability
is not to be extended by implication beyond the terms of
their contract. They are bound by their agreement, and

nothing else; and they have a right to stand upon the strict terms of their obligations. (Brandt on Suretyship [3 Ed.], sec. 107; *Greenfield Lumber & Ice Co. v. Parker,* 159 Ind. 571, 65 N. E. 747; *Coughran v. Bigelow,* 9 Utah 260, 34 Pac. 51. It may further be assumed that,

"Where a promise or contract has been made between two parties for the benefit of a third, an action will lie thereon at the instance and in the name of the party to be benefited, although the promise or contract was made without his knowledge and without any consideration moving from him." (*Montgomery v. Rief,* 15 Utah 495, 50 Pac. 623; *Brown v. Markland,* 16 Utah 360, 52 Pac. 597, 67 Am. St. Rep. 629.)

Though the plaintiff is not expressly named in the bond as an obligee, still, if he is one of the persons who were intended to be benefited by its obligations, he is entitled to maintain an action thereon for a breach of covenants made for his benefit. The argument made by respondents that, there being no statute authorizing the trustees of the college to take security for payments to be made by the contractors for material and labor furnished them in the construction of the building, therefore they were unauthorized to make such a contract for the benefit of third parties, and hence the undertaking to that extent is void, is not tenable. Notwithstanding materialmen and laborers are without the right to file a lien against a public building, and notwithstanding there is no statute expressly requiring the trustees to take such a bond to secure the payment of material and labor furnished the contractors, still, if a bond is given to secure such payments, the persons who perform such labor or who furnish such material may enforce the security. Such an undertaking, if not expressly authorized by statute, is, nevertheless, not prohibited. It is not against public policy or good morals, nor in contravention of any statute. To hold such an undertaking valid and binding is only to compel the sureties to do the thing they bound themselves to do. (*Colorado Fuel & Iron Co. v. Dodge,* 11 Colo. App. 177, 52 Pac. 637, and numerous cases there cited; *Union*

*Sheet Metal Works v. Dodge*, 129 Cal. 390, 62 Pac. 41; *Devers v. Howard*, 144 Mo. 671, 46 S. W. 625.)

This brings us to the real question in the case. What obligations have been undertaken by these sureties? If their undertaking secures the payment of material furnished to the contractors, and if it was the intention of the sureties to benefit those who should furnish such material, then they are liable to the plaintiff for the failure of the contractors to make such payment. (*Baker v. Bryan*, 64 Iowa 561, 21 N. W. 83; *Jordon v. Kavanaugh*, 63 Iowa 152, 18 N. W. 851; *Williams v. Markland*, 15 Ind. App. 669, 44 N. E. 562; *City of St. Louis v. Von Phul*, 133 Mo. 561, 34 S. W. 843, 54 Am. St. Rep. 695; *Devers v. Howard*, 144 Mo. 671, 46 S. W. 625; *Lyman v. City of Lincoln*, 38 Neb. 794, 57 N. W. 531; *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb. 649, 62 N. W. 50; *Sample v. Hale*, 34 Neb. 220, 51 N. W. 837; *Knapp v. Swaney*, 56 Mich. 349, 23 N. W. 162, 56 Am. Rep. 397; *Union Sheet Metal Works v. Dodge*, 129 Cal. 390, 62 Pac. 41.) If, on the other hand, the sureties only secured the college against claims and liens and persons who may become entitled to liens, and nothing more, then they are not liable to the plaintiff unless he was entitled to a lien, and presented or filed a notice of such a claim. (*Montgomery v. Rief*, 15 Utah 495, 50 Pac. 623; *Spalding Lumber Co. v. Brown*, 171 Ill. 487, 49 N. E. 725; *Townsend v. Cleveland Fire-Proofing Co.*, 18 Ind. App. 568, 47 N. E. 707; *Electric Appliance Co. v. U. S. Fidelity Co.*, 110 Wis. 434, 85 N. W. 648, 53 L. R. A. 609; *Hunt v. King*, 97 Iowa 88, 66 N. W. 71; *Marquette Opera-House Bldg. Co. v. Wilson*, 109 Mich. 223, 67 N. W. 123; *Greenfield Lumber & Ice Co. v. Parker*, 159 Ind. 571, 65 N. E. 747; *Hart v. State*, 120 Ind. 83, 21 N. E. 654, 24 N. E. 151.) In *Green Bay Lumber Co. v. School District* (Iowa), 90 N. W. 504, cited by appellant, the sureties on a bond conditioned that the contractor should furnish materials and labor for the construction of a schoolhouse, and for its delivery to the district free from all liens or claims of any kind, and to pay any sum of money that the district might

be compelled to pay to remove any liens, incumbrances, or claims which may be claimed against the school district, were held liable to the materialmen. But that was so because of a statute then in force (section 3102 of the Iowa Code) giving materialmen a right to file claims against a school district, and, in pursuance of the statute, such a claim having been filed by the plaintiff in that case. The claim, therefore, sued on in that case clearly fell within the very letter of the bond. In the Michigan case (*Marquette Opera-House Bldg. Co. v. Wilson,* supra), where a right of lien to materialmen was given, and where the bond was conditioned that the principal should pay for all labor and material used in the construction of the building so as to deliver the same free from liens, it was held that the sureties could not be charged with payments made on the debts of the principal for material after such demands had ceased to be a lien on the property.

In determining the true intention of the parties to the bond in question, we must look not to disconnected sentence or only a portion of a sentence, taken from the context, but we must look at the bond as a whole, and consider it in connection with the contract attached to it and for the security of which it was given. So construing it, we think it is apparent that the intention of the parties to the bond was to secure the college against claims that might be asserted against it, and for which liens might be filed, and to secure those who might become entitled to liens. There is no provision in the contract entered into between the college and the contractors whereby the latter promised or agreed to pay for material furnished to them. The parties to the bond had the undoubted right to contract as to who should and who should not be benefited by its obligations. They have expressed in clear terms those persons to be the agricultural college and those who may be entitled to liens. Such intention is manifest by what may be called the obligatory portion of the bond, where it is expressly stated that the sureties are bound to the agricultural college, "as well as to all persons who may become entitled to liens under the contract," in a sum of money "to be paid to the said agricultural college and to said parties who may be-

come entitled to liens;" and in the concluding portion of the bond, where again it is expressly stated, "This bond is made for the use and benefit of all persons who may become entitled to liens." When the parties to the bond limited the benefits for which it was given in express terms to third parties who may become entitled to liens, to then hold that the bond shall be extended, so as to include those who are not entitled to liens, is to read a condition into the bond other than expressed by the parties, and is extending by implication the liability of the sureties beyond the terms of their contract, and is, in effect, making a new contract for them. But it is said, as all persons are presumed to know the law, it will be presumed that the sureties knew that under the statute no one was entitled to liens, and that, therefore, they must have intended to benefit those who would have been entitled to liens had the building not been a public building. The promise may be conceded, but the conclusion does not necessarily follow. It may well be argued that the sureties, mindful of the law that mechanics' liens cannot be filed against a public building and that claims of materialmen and laborers arising from materials furnished to or labor performed for the contractors could not lawfully be asserted against the college, and also mindful of the law that sureties are entitled to stand on the strict letter of their bond, signed the undertaking in question, and that they would not have signed it had it expressly secured the payment to those who might furnish material and labor to the contractors in no manner chargeable to or capable of being asserted against the college. If, on the other hand, it shall be said that the parties to the bond erroneously assumed that materialmen and laborers were entitled to liens and had the right to file liens against the building, or assert claims against the college arising from material or labor furnished to the contractors, and upon such assumption secured the college against such claims and liens and those entitled to liens, then, again, the parties can only be held to what was intended by them, and the security enforced only in accordance with such intention. To say that the parties merely intended to secure the college

against liens and those entitled to liens, and, because no lien attached and no one was entitled to liens, that, therefore, the terms of the bond should be extended so as to include by implication some one else not entitled to liens, is making another contract for the parties. It is said by appellant that the parties intended to secure some one besides the agricultural college. Suppose they did. They, however, have stated who it is in very plain language. It is those who are entitled to liens. But the appellant asserts, as no one was entitled to liens, the parties to the bond must have meant those who might furnish material and labor to the contractors. Of course, that fits the plaintiff, but it does not fit the terms of the bond. Whom the sureties meant to be benefited is to be determined from the language which they have used; and, in order that the plaintiff may be one of the class described in the bond, he must bring himself within its terms. He must make himself fit the class, not make the class fit him. What the appellant in effect asserts is that the sureties conditioned their liability to third parties who were entitled to liens when no one was entitled to such right, and, since they assumed a liability only to the college for a faithful performance of the contract and to hold it harmless, but assumed no real liability to third parties, therefore the undertaking should be so construed as to make them assume a liability to such persons. This is merely another way of saying that courts may not only enforce, but also create, liabilities. The sureties to the bond had the right to contract that it should be exclusively for the benefit of the college and alone to indemnify it. They also had the right to contract that it should be for the benefit of only particular third parties, and, when such specification has been made in words and language free from ambiguity and which convey a definite meaning, there is no occasion for interpretation, but the language should be given effect according to its natural and obvious meaning.

Appellant also strongly relies on the stipulations in the bond that the contractors shall abide by and shall perform the covenants and agreements of the contract entered into

between them and the college, and "shall duly and promptly pay and discharge all indebtedness that may be incurred" by the contractors "in carrying out the contract, and to complete the same free of all mechanics' liens," and shall perform the covenants and agreements of the contract in time, manner, and form as therein specified, especially the clause, "shall pay and discharge all indebtedness incurred by the contractors in carrying out the said contract," from which, it is urged, that the language there used is broad enough to include a promise to pay for material furnished to and used by the contractors in the construction of the building. Considering the cause standing alone, there is some force to the contention. But, as before observed, in construing the terms of a contract, the ruling intention of the parties is to be determined, not from any one or several stipulations in the contract disconnected from all others, but it is to be determined from all the language which the parties have used and from a consideration of the whole contract. When the clause is construed with the context, and in connection with what precedes and what follows it, no such meaning as is contended for by appellant can be given it. The payment and discharge of the indebtedness specified are referable to the contract entered into between the contractors and the college, but therein the contractors did not promise or agree to pay any indebtedness arising from materials or labor furnished them or for materials furnished for or labor performed on the building, nor did they agree to pay any indebtedness, except such as should be asserted against the college and for which liens could be filed. By the expression, "shall pay and discharge all indebtedness incurred in carrying out the contract," the parties clearly meant the indebtedness of claims which could be asserted against the college and for which liens could be filed. It cannot be construed to mean an express covenant to pay materialmen or laborers unconditionally. (*Montgomery v. Rief,* supra.) From a consideration of all the provisions of the bond, and in connection with the contract which it was given to secure, it is our opinion that the bond was taken to indemnify and save the

agricultural college harmless from claims and liens and those entitled to liens. The parties having thus expressed themselves unambiguously, we can see no reason why this court should strain after reasons for thwarting their obvious purpose in an endeavor to read some one into the bond not intended to be benefited by it. Though a promise had been made to pay for materials, yet if, from the whole bond, such promise was made only for the purpose of saving the agricultural college harmless and to indemnify it against loss or damage, and not for the benefit of parties who might furnish material, and that such was the ruling intention of the parties, then the sureties cannot be made liable to parties who furnished material, for the reason that the ruling intention of the parties must govern. (*Parker v. Jeffery,* 26 Ore. 186, 38 Pac. 817.) In the case of *Electric Appliance Co. v. U. S. Fidelity Co.,* 110 Wis. 434, 85 N. W. 648, 53 L. R. A. 609, the contractors in their contract agreed with a city to deliver the structure free and clear of all claims or liens for labor performed and materials furnished, and that before final payment the contractors should produce receipts for all labor performed and materials furnished, and agreed to furnish a bond to the city, not only for the faithful performance of the contract, but for the payment of all claims for labor and materials. The bond accepted by the city, however, omitted this latter provision, and was conditioned only for the faithful performance of the contract. The statute there giving mechanics' liens did not extend to and could not be enforced against buildings and real estate of municipal corporations held for public use, nor was the city there liable for the claims of laborers or materialmen. In denying the right of materialmen to enforce the security, the court observed that

"The fact that the city expressly contracted that the bond given should be for the payment of materialmen and laborers, and then accepted a bond without such a condition, is clearly a waiver of that condition of the contract, and indicates an intention to abandon or relinquish its scheme in that respect."

These cases but illustrate the principle that the liability of a surety on his bond is entirely dependent upon his covenants and agreements so construed as not to extend the liability by implication beyond the terms of his contract. In the cases cited by the appellant, where no right of lien was given materialmen and laborers, and where they were permitted to enforce the security, we find express agreements and covenants made on the part of the sureties to pay for material and labor, and the bond given for the benefit of such persons. We find no such intention expressed in the bond, nor in the contract before us.

It therefore follows that the ruling of the court below is right, and the judgment ought to be, and it hereby is, affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.