(35 Misc. Rep. 231.)

## MILLER v. SCHMITT et al.

(Supreme Court, Special Term, New York County. June, 1901.)

MECHANIC'S LIEN—BOND OF LANDOWNER.

Where two lots are owned separately, and labor and materials are furnished thereon to a person who has contracted to buy such lots, the undertaking, under Laws 1897, c. 418, § 18, subd. 4, to discharge a mechanic's lien, required from the "owner," may be made by any one, and need not be made by all three, of the owners.

Action by Clifford I. Miller against Andrew Schmitt and others. Motion to fix bond required, and discharge lien. Motion granted. See 67 N. Y. Supp. 1077.

Miller, Decker & Miller (James S. Miller, of counsel), for plaintiff.
W. Stebbins Smith, for defendant Schmitt.
Forster & Speir, for defendant Ahr.
Warren S. Bartlett, for defendant McKisch.

BLANCHARD, J. This is an action brought to foreclose a mechanic's lien. The property consists of two lots, one formerly belonging to defendant Schmitt, and the other to defendant Ahr. Each agreed to sell his respective lot to the defendant McKisch by written agreement. The defendant McKisch proceeded to build houses upon the two lots, the front portion of the houses being on the lot of Ahr, and the rear portion on the lot of Schmitt. As McKisch did not pay to the plaintiff the money due to him for the goods sold to him by plaintiff, the lien in question was filed. The defendant Ahr makes this motion for an order directing in what sum an undertaking must be given to discharge the lien, and proposes that Ahr alone shall give the bond. The plaintiff contends that this cannot be done by Ahr alone, but must be done by all the owners, to wit, Ahr, Schmitt, and McKisch. The question, therefore, to be decided is whether any owner of property on which there is a mechanic's lien may become the principal of a bond for that purpose, or whether all the owners or parties interested must unite in the bond as principals. Subdivision 4 of section 18 of chapter 418 of the Laws of 1897 provides that a lien may be discharged by the owner executing an undertaking, with two or more sufficient sureties, to the clerk of the county, in such sum as the court may direct, and section 2 of the same act defines the meaning of the term "owner." It provides that the term "owner" includes the owner in fee of real property or of a less estate therein, a lessee for a term of years, a vendee in possession under a contract for the purchase of such real property, and all persons having any right, title, or interest in such real property which may be sold under an execution in pursuance of statutes relating to the enforcement of liens of judgments, and all persons having rights to certain specified franchises. It will thus be seen that the term "owner," as defined by the law under consideration, is a comprehensive term, and it was doubtless the intention of the legislature to give the same opportunity to the owner of any of these interests or parties interested to furnish the bond and to discharge the lien, and not to impose on any one of them the burden of getting all the other parties in interest to unite with him. It follows, therefore, that the motion must be granted. No costs. The amount of the bond will be fixed on the settlement of the order.

Motion granted, no costs.