PETERSON, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*September 9—September 29, 1903.*

*Railroads: Negligence: Injury to express messenger: Contract exempting from liability: Public policy: Contract for benefit of third person.*

1. A contract exempting a railway company from liability to an express messenger for personal injuries sustained by him, while riding on its trains in performance of his duty, by rea-

son of the ordinary negligence of the railway employees, is
not against public policy and is valid.

2. An agreement by an express messenger, made upon entering the
employment of an express company, to exempt said company
and the transportation companies with which it dealt from all
liability for personal injuries whether arising from negligence
or otherwise, and that this stipulation should inure to the
benefit of all such transportation companies as fully as if
made directly with them, is a bar to a recovery by him against
a railway company for injuries caused by the negligence of its
employees while he was riding on its train in the performance
of his duty as such messenger, whether the railway company
knew of or assented to such agreement before the commence-
ment of the action or not.

APPEAL from an order of the circuit court for Brown
county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This is an action to recover for personal injuries. The
complaint alleges that the plaintiff was an express messenger
in the employ of the American Express Company, and that
in the course of his employment, and on the 27th day of
March, 1901, he was riding in the express car of the defend-
ant's passenger train running from Milwaukee to Green Bay,
and that said train, by the negligence of defendant, ran into
a freight train, by reason of which collision the plaintiff suf-
fered severe personal injuries.

The answer alleged, in substance, that at the time of said
collision there was existing and in force between the defend-
ant and the American Express Company a written contract
providing for the transportation of express matter and the
necessary employees of the express company over the defend-
ant's lines, which contract contained the following provision,
among others:

"*Seventh.* As one of the express conditions of this con-
tract the express company hereby binds and obligates itself
to save harmless and fully indemnify the railway company
and its officers and employees from and against all actions
and liabilities for loss or damage resulting in any manner
whatever to the property of, or freight and express matter in

charge of the express company, or to any of its employees, agents, messengers, or officers while traveling as aforesaid upon any line covered by this agreement, it being distinctly understood and agreed that all damages resulting to express matter or to the property of the express company or to persons engaged in the service of the express company while engaged in such service, shall be borne by the express company."

That at the same time there was a contract in force between the plaintiff and the American Express Company which contained the following provisions:

"Now, therefore, in consideration of the premises and of my said employment, I do hereby assume all risk of accidents and injuries which I shall meet with or sustain in the course of my employment, whether occasioned or resulting by or from the gross or other negligence of any corporation or person engaged in any manner in operating any railroad or vessel, or vehicle, or of any employee of any such corporation or person or otherwise, and whether resulting in my death or otherwise. And I hereby agree to indemnify and save harmless the American Express Company of and from any and all claims which may be made against it at any time by any corporation or person under any agreement which it has made or may hereafter make, arising out of any claim or recovery upon my part, or on the part of my representatives, for damages sustained by reason of my injury or death, whether such injury or death result from the gross negligence of any person or corporation or of any employee of any person or corporation, or otherwise. And I hereby bind myself, my heirs, executors and administrators with the payment to such express company, upon demand, of any sum which it may be compelled to pay in consequence of any such claims, or in defending the same, including all counsel fees and expenses of litigation connected therewith. I do further agree that in case I shall at any time suffer any such injury, I will at once, without demand, and at my own expense, execute and deliver to the corporation or persons owning or operating such railroad, stage or steamboat line upon which I shall be injured, a good and sufficient release under my hand and seal of all claims, demands and causes of action arising out of such injury or connected with or resulting therefrom. And I do

hereby ratify all agreements heretofore made by said express company with any corporation or persons operating any railroad, stage or steamboat line in which said express company has agreed in substance that its employees shall have no cause of action for injuries sustained in the course of their employment upon the line of such contracting party, and I agree to be bound by each and every of such agreements in so far as the provisions thereof relative to injuries sustained by employees of the company are concerned, as fully as if I were a party thereto. And I do hereby authorize and empower said express company at any time while I shall remain in its service, to contract for me and on my behalf in its own name or in mine with any corporations or persons operating any railroad, stage or steamboat line, for my transportation as messenger or employee free of charge upon the condition and consideration that neither I nor my personal representatives, nor any person claiming under me, will make any claim for compensation because of any injury sustained by me, whether resulting from the gross negligence of such corporations or persons or of any employee of such corporations or persons or otherwise, and the contract so made shall be as binding and obligatory upon me as if signed and delivered by me. And I do hereby further agree that the provisions of this agreement shall be held to inure to the benefit of any and every corporation and to all persons upon whose railroad, stage or steamboat line the American Express Company shall forward merchandise, as fully and completely as if made directly with such corporations or persons."

The plaintiff demurred generally to the answer, which demurrer was overruled, and the plaintiff appeals.

For the appellant there was a brief by *Sheridan & Evans,* and oral argument by *W. L. Evans.* They argued, *inter alia,* that the contract between the express company and the plaintiff in this action is void as against public policy so far as it purports to absolve the express or railway companies from liability for their negligence. 1 Bailey, Pers. Inj. §§ 1054, 1060; *Little Rock & Ft. S. R. Co. v. Eubanks,* 48 Ark. 460, 3 S. W. 808; *Purdy v. R. W. & O. R. Co.* 125 N. Y. 209, 26 N. E. 255; *Lake Shore & M. S. R. Co. v. Spangler,* 44 Ohio

St. 471, 8 N. E. 467; *Starr v. G. N. R. Co.* 67 Minn. 18, 69 N. W. 632; *Johnson's Adm'x v. R. & D. R. Co.* 86 Va. 975, 11 S. E. 829; *Louisville & N. R. Co. v. Orr,* 91 Ala. 548, 8 South. 360; *Kansas P. R. Co. v. Peavey,* 29 Kan. 169; *Richmond & D. R. Co. v. Jones,* 92 Ala. 218, 9 South. 276; *Roesner v. Hermann,* 8 Fed. 782, 34 Cent. Dig. col. 643; *Runt v. Herring,* 2 Misc. Rep. 105, 21 N. Y. Supp. 244; *Simpson v. N. Y. Rubber Co.* 30 N. Y. Supp. 339; *Chicago, W. & V. C. Co. v. Peterson,* 39 Ill. App. 114. The express company and the railway company cannot do together what neither can do alone in depriving an employee of remedy for the negligence of either. The plaintiff was a passenger for hire upon the road of the defendant. It is admitted that a railway owes the same degree of care to mail agents riding in postal cars as to those who are passengers on the train, and there is no reason why the same rule should not apply to express messengers; and they are held to be passengers and entitled to relief for negligence in many cases. *Chamberlain v. M. & M. R. Co.* 11 Wis. 238; *Yeomans v. Contra Costa S. N. Co.* 44 Cal. 71; *Fordyce v. Jackson,* 56 Ark. 594, 20 S. W. 528; *San Antonio & A. P. R. Co. v. Adams,* 6 Tex. Civ. App. 102, 24 S. W. 839; Hutchinson, Carriers, §§ 564, 565 and cases; *Brewer v. N. Y., L. E. & W. R. Co.* 124 N. Y. 59, 11 L. R. A. 483; *Kenney v. N. Y. C. & H. R. R. Co.* 125 N. Y. 422, 26 N. E. 626; *Jennings v. G. T. R. Co.* 15 Ont. App. 477; *Jones v. St. L. S. W. R. Co.* 125 Mo. 666, 26 L. R. A. 718.

For the respondent there was a brief by *Miller, Noyes & Miller,* attorneys, and *Greene, Fairchild, North & Parker,* of counsel, and oral argument by *George P. Miller.* To the point that plaintiff was not a passenger, and neither his contract nor that between the express company and defendant contravenes public policy, they cited *Baltimore & O. S. W. R. Co. v. Voigt,* 176 U. S. 498; *Louisville, N. A. & C. R. Co. v. Keefer,* 146 Ind. 21, 44 N. E. 796; *Pittsburg, C., C. & St. L. R. Co. v. Mahoney,* 148 Ind. 196, 46 N. E. 917; *Blank*

*v. I. C. R. Co.* 182 Ill. 332, 55 N. E. 332; *Hosmer v. O. C. R. Co.* 156 Mass. 506, 31 N. E. 652; *Bates v. O. C. R. Co.* 147 Mass. 255, 17 N. E. 633.

WINSLOW, J.   The general question presented in this case is whether a railway company can be relieved by contract from liability to an express messenger for personal injuries suffered by him while riding on its train in performance of his duty, such injuries being proximately caused by the ordinary negligence of the employees of the company.

The question is new in this state.   This court has held that a common carrier may by contract exempt itself from liability to a person traveling on a free pass for injuries caused by the ordinary negligence of its employees, but not from the consequences of their gross negligence. *Annas v. M. & N. R. Co.* 67 Wis. 46, 30 N. W. 282.   Also that it is against public policy to allow a common carrier to stipulate for exemption from liability for negligence of its employees resulting in loss or injury to a passenger for hire. *Abrams v. M., L. S. & W. R. Co.* 87 Wis. 485, 58 N. W. 780.   Neither of these cases, however, touches the exact question before us, nor does the early case of *Chamberlain v. M. & M. R. Co.* 7 Wis. 425, *S. C.* 11 Wis. 248, throw any light upon it.

The question is an interesting one, and might be discussed at great length.   It seems doubtful, however, whether any good result would be reached by such a discussion.   The exact question here presented has been discussed with great learning and ability by the supreme court of the United States in the case of *Baltimore & O. S. W. R. Co. v. Voigt,* 176 U. S. 498, 20 Sup. Ct. 385, and the result there reached was that an express messenger, under the facts here presented, was not a passenger for hire, and that for that reason the contracts exempting the railroad company from liability were not against public policy, but valid.   We entirely agree with that result.   It commends itself to our judgment, not

only upon reason, but upon the great weight of authority. The express messenger is not a person who has applied to a common carrier for transportation and is entitled to that transportation without condition, upon payment of his fare, but a person who voluntarily goes upon a train, not for transportation, but to transact certain business for the express company which it is allowed to transact, not because the railroad company is a common carrier, but because of a contract between the express company and the railroad company by which the express company and its messengers were granted rights which the railroad company could not be compelled to grant as a common carrier.   We could add nothing to the discussion in the *Voigt Case,* and hence we content ourselves with announcing our concurrence with the doctrines there laid down.

It is said that there is a distinction between this case and the *Voigt Case* in that by the contract between the railway company and the express company in the *Voigt Case* the express company agrees to indemnify the railway company from all liability, whether resulting from negligence or otherwise, whereas in the case at bar the agreement is simply to indemnify against damage resulting in any manner whatever.   It is said that such contracts are strictly construed against the railway company, and that there must be an express stipulation exempting the company from the results of negligence in order to effect that result, and *Black v. Goodrich T. Co.* 55 Wis. 319, 13 N. W. 244, is relied upon.   It is not necessary in the present case either to affirm or deny that the agreement between the express company and the railway company covered injuries resulting from negligence, because in this case the plaintiff himself, when he entered on his employment, agreed to exempt the express company and the transportation companies with which it dealt from all liability for personal injuries whether arising from negligence or otherwise, and also agreed that this stipulation should

inure to the benefit of all such transportation companies as fully as if made directly with them. This was a promise, upon sufficient consideration, made to one person for the benefit of a third person, which could be enforced by such third person whether such third person knew of or assented to the promise before the commencement of the action or not. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, and cases cited.

*By the Court.*—Order affirmed.