R. CONNOR COMPANY, Appellant, vs. ÆTNA INDEMNITY COMPANY, imp., Respondent.

*March 11—June 5, 1908.*

*School districts: Powers: Building contracts: Payment for materials: Liens: Bond of contractor: Agreement for benefit of third persons.*

1. A school district, as incident to the power to erect a school building and provide for payment therefor, has authority to contract for the protection of third persons who furnish to the principal contractor materials used in the construction of the building.
2. No right to a lien upon property of a school district is given to laborers or materialmen.
3. A contract with a school district for the erection of a school building provided, among other things, that the contractors should provide and furnish all materials at their expense, and that materials delivered on the premises should be considered

the property of the district and might be used by it in case it assumed control of the work for the contractors. A bond given by the contractors to the district was conditioned that they duly perform the contract "and pay for all labor and material that enter into the construction of the building." *Held*, that the bond was security for payment for material used in the building, upon the default of the contractor. *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, distinguished.

4. The fact that, through a mistaken belief of the parties that the property was liable to liens for materials, the contract provided that payments to the contractors should be made upon proof that the property was free from such liens, did not render ineffectual the provision that the contractors should pay for all materials or show that the bond was not given to secure such payment.

5. The bond being a contract for the benefit of the materialmen, it was not necessary that they should be ascertained or known at its inception to entitle them to its benefits. They might adopt it and enforce it at law as if originally made by their express authority.

APPEAL from an order of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Plaintiff seeks to recover for materials furnished to and used by the firm of J. J. Olsen & Son in the construction of a high school building under a contract between them and the school district. The contract provided that the contractors should construct the building and provide all labor and materials needed for the due performance of the work, and that all material delivered on the premises to form part of the work should be considered the property of the district and was not to be removed without its consent. In the event of the contractors being unable to complete the work because of bankruptcy or unreasonable delay the district might take possession of the premises and carry the work to completion, the expense thereof to be deducted from the amount provided as payment for the work; and in that event the contract provided that the district should have the right to use the scaffolding or fixed tackle belonging to the contractors so long as it should be wanted for the work. It was further provided

that the school district should not in any manner be answer-able for any of the materials or other things used and employed in finishing and completing the building, but that, whenever required, the contractors should produce all vouchers showing the quality of the goods and the materials used; that payments should be made in the manner provided in the specifications; and that for the protection of the district against the lien laws the contractors, if required, should show by affidavit or otherwise that there were no liens recorded against the property at the time of making any or the final payment, and that the property was free from all liens or claims against the premises or the contractors for work done or material furnished on the work. The contractors and the *Ætna Indemnity Company* gave a bond to the school district, binding themselves to pay to the school district the sum of $12,000 upon the condition that if J. J. Olsen & Son should duly perform the contract and fulfil all the several stipulations therein provided, "and pay for all labor and material that enter into the construction of said building," then the obligation was to be void, but, if otherwise, then the obligation was to remain in full force and effect.

This action is brought against the contractors and the surety company to secure payment of the amount due for material furnished the contractors and used in the execution of the contract. The surety company demurred to the complaint on the ground that there was a defect of parties plaintiff, in that the school district had not been made a party plaintiff, and that the complaint did not state a cause of action. The demurrer was sustained upon the ground that the bond had been executed for the benefit of the school district only. This is an appeal from the order of the court sustaining the demurrer.

For the appellant there were briefs by *Andrews & Rush,* attorneys, and *Goggins & Brazeau,* of counsel, and oral argument by *Theodore W. Brazeau.*

For the respondent there was a brief by *Cary, Upham & Black,* and oral argument by *W. E. Black.* 'They contended,. *inter alia,* that the contract and bond do not evince an intent to secure any. benefit to the plaintiff. The obligation of a surety is *strictissimi juris,* and nothing is to be taken against him by inference or intendment. *W. W. Kimball Co. v. Baker,* 62 Wis. 526; *Smith v. Lockwood,* 34 Wis. 72, 78; *Nichols v. Palmer,* 48 Wis. 110. This rule applies to a surety for hire. *Lonergan v. San Antonio L. & T. Co.* (Tex.) 104 . S. W. 1061; *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, 440. The contract of the Olsens for the construction of the schoolhouse nowhere contains any promise or stipulation on their part to pay materialmen for materials used therein. *Greenfield L. & I. Co. v. Parker,* 159 Ind. 571, 65 N. E. 747; *Green Bay L. Co. v. Ind. School Dist.* 121 Iowa, 663, 97 N. W. 72; *Campbell & C. Co. v. Estate of Carnagie,.* 98 Wis. 99, 101. The contract and bond are to be read together, and the latter interpreted in the light of the former. *Guaranty Co. v. Pressed B. Co.* 191 U. S. 416, 423. It is apparent that the contract was drawn to protect the district from any liens or claims for liens for "work or materials," and the corresponding expression in the bond must be construed to refer only to labor and materials which might become a lien. Plaintiff was not entitled to a lien, and therefore was not within the contemplation of the provisions of the contract and bond against liens. *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434; *Green Bay L. Co. v. Ind. School Dist.* 121 Iowa, 663, 97 N. W. 72; *Hunt v. King,* 97 Iowa, 88, 66 N. W. 71; *Montgomery v. Spencer* (Utah) 50 Pac. 623; *Smith v. Bowman* (Utah) 9 L. R. A. N. s. 889, and note; *Townsend v. Cleveland F. P. Co.* 18 Ind. App. 568, 47 N. E. 707; *Spalding L. Co. v. Brown,* 171 Ill. 487, 49 N. E. 725; *Simonson v. Grant,* 36 Minn. 439, 31 N. W. 861; *Campbell & C. Co. v. Estate of Carnagie,* 98 Wis. 99, 101. The contract and bond do not contain any promise legally

enforceable by the plaintiff. A condition of the bond, although it may be of incidental benefit to a third party, cannot be construed into a promise of payment to such third party. *Parker v. Jeffery,* 26 Oreg. 186, 37 Pac. 712; *Turk v. Ridge,* 41 N. Y. 201; *Simson v. Brown,* 68 N. Y. 355.

The following opinion was filed March 31, 1908:

SIEBECKER, J. The trial court sustained the demurrer to the complaint upon the ground that the undertaking on the bond was for the protection of the school district only, and that it contained no promise or obligation to pay any sum to any person, corporation, or class of persons "upon any account whatever," and hence that plaintiff had no claim against the indemnity company for the price of the material it furnished to the Olsens and which was used in the construction of the schoolhouse. The authority of the school district to contract for the protection of third persons furnishing material to the principal contractors to be used in the erection of the building is amply sustained by the adjudications. This authority is one incident to the power given it to erect such a building and to provide for payment therefor. Such power embraces the right to provide for the payment for the material that has actually been used in the erection and completion of the building. The objects of an agreement to secure payment for such material are the same as the objects secured by the lien laws to private parties. Such agreements are sustained because they afford a just protection to the persons furnishing materials for public buildings, and because they operate to the interest of municipalities in securing responsible dealers and better material than under the greater uncertainties incident to transactions dependent on the personal responsibility of contractors. Such contracts are just and equitable between the parties and secure protection of the public interests and of the persons whose property and labor have been applied to public uses. *Knapp v.*

R. Connor Co. v. Ætna Indemnity Co. 136 Wis. 13.

*Swaney,* 56 Mich. 345, 23 N. W. 162; *St. Louis v. Von Phul,* 133 Mo. 561, 34 S. W. 843; *Baker & Co. v. Bryan,* 64 Iowa, 561, 21 N. W. 83; *City and County of Denver v. Hindry,* 40 Colo. 42, 90 Pac. 1028.

Whether or not the parties to this transaction intended that the materialmen should be paid for the material furnished and used in the building by the principal contractors, and, in case of default in such payment by them, whether the bond was given to secure such payment, must be gathered from the stipulations of the contract and bond. The principal contract does not provide that the contractors were to furnish a bond of indemnity to the school district. Such a bond was, however, agreed upon, and one was given by the contractors and the indemnity company which was accepted by the district officers. Under it the contractors and the indemnity company bound themselves in the sum of $12,000 to the school district, conditioned that, should the contractors "duly perform said contract and fulfil all the several stipulations therein provided, and pay for all labor and material that enter into the construction of said building," then the obligation should be void, otherwise it was to remain in full force.

It is specifically agreed that the principal contractors are obligated under the contract to provide and furnish all material for the building at their expense. It is also agreed that all material delivered on the premises to be used in the building is to be considered the material of the district and not to be removed without its consent; that the district is not to be held accountable for any material used in the construction of the building; and in case the contractors fail to comply with and carry out the agreement the district is authorized to take possession of the premises, control the construction, and provide such additional material and labor as may be necessary to complete the contract, the cost thereof to be deducted from the contract price. It is also provided that payments made while the work progressed and the final

payment should be made upon the architect's certificates and upon proof by the contractors, for the protection of the district against the lien law, "that the property is free from all liens or claims against the premises or the said contractors for work or materials furnished on said work." That the law awards no right to a lien upon the property of the district to the laborers and materialmen is not controverted. *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, 438, 85 N. W. 648, and cases cited.

The respondent urges that this stipulation in itself evinces an intent that the parties contracted only to protect the district from claims for liens upon the property, and that this stipulation operates to exclude the idea that it was intended and agreed as a condition that the contractors should pay for the material, and in default thereof that the surety secured payment for it. It cannot be questioned that the parties believed the property liable to a lien in case the contractors failed to pay for the materials. Acting on such belief the parties stipulated that the contractors should pay for the material and show proof of payment to entitle them to payments on the contract. The fact that the parties to the contract, through their mistake of the law on the subject, were induced to enter into the stipulation providing for payment for the material, does not render ineffectual the intent of the stipulation providing that the contractors should pay for the material. That the parties intended that the contractors should so pay for the material used and provide for it is corroborated by the stipulations of the contract that the material delivered on the premises should be considered the property of the district, and that it should have the right to use it in case it assumed control of the construction work for the contractors. Upon these particular provisions and the general tenor of the contract, and in view of the equitable consideration favoring payment out of the funds furnished by the district which received the benefit of the material, it is manifest

that the provisions of the contract for the construction of the building and the express provision of the bond of the indemnity company insuring performance of all the several stipulations therein, and especially to "pay for all labor and material that enter into the construction of said building," were intended by the parties to secure payment for the material furnished and used in the building. This harmonizes with and enforces all of the stipulations of the contract and bond, and sustains the stipulation in the bond that it is conditioned to secure performance by the Olsens of all the stipulations of the contract, "and pay for all labor and material that enter into the construction of said building."

Reliance is placed by respondent on the case of *Electric A. Co. v. U. S. F. & G. Co., supra,* as one wherein a similar contract and bond were held not to constitute an agreement to pay for material. That case is clearly distinguishable from the instant one. It was there held that, since the contractors agreed to give a bond conditioned on the payment by them of claims for material, acceptance of a bond without such a condition showed a waiver of such a stipulation in the contract, and hence the surety company was not liable for unpaid claims for materials. Here the situation is wholly different, in that this bond contains an express agreement which harmonizes with the intent evinced by the contract requiring payment for the material by the contractors, and hence the bond is security for payment for the material upon the default of the contractors.

Since the bond secured payment by the contractors for the material used in the construction of the building, it was therefore a contract between the district and the parties thereto for the benefit of those persons furnishing material to be used in the construction of the building. Under such circumstances the third party need not be ascertained or known at its inception to entitle him to the benefits thereof. The third party may adopt it when he becomes informed, and

may enforce it at law as if originally made by his express authority. *Johnston v. Charles Abresch Co.* 123 Wis. 130, 101 N. W. 395; *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440; *Lenz v. C. & N. W. R. Co.* 111 Wis. 198, 86 N. W. 607; *Peterson v. C. & N. W. R. Co.* 119 Wis. 197, 96 N. W. 532. This necessitates reversal of the order sustaining the demurrer.

*By the Court.*—The order sustaining the demurrer is reversed, and the cause remanded with directions to enter an order overruling the demurrer, and for further proceedings according to law.

The respondent moved for a rehearing, and in support of the motion there was a brief by *Cary, Upham & Black,* its attorneys, and *John J. Cook,* of counsel.

For the appellant, in opposition to the motion, there was a brief by *Goggins & Brazeau,* of counsel, and *Andrews & Rush,* attorneys.

The motion was denied June 5, 1908.