## B. F. STURTEVANT CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Second Circuit. October 24, 1922.)

No. 24.

1. **Schools and school districts** ⊜⟹81(2)—**Bond of contractor held not to protect subcontractor furnishing materials.**

A bond given by a school contractor, which by its terms ran to the school board, and which required the contractor to perform its contract and promptly to make payment of the sums due to all persons for labor and materials, does not entitle a materialman to sue the surety thereon for the value of materials furnished for the building, even though he relied on the bond in furnishing them.

2. **Courts** ⊜⟹372(4)—**Federal court should decide construction of bond under general law in harmony with state rule, if possible.**

Though the proper construction to be given to a bond to secure the performance of a contract for the construction of a school is one of general law, the federal court should decide the question, if possible, in harmony with the courts of the state in which the building was erected.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the B. F. Sturtevant Company, suing on behalf of itself and all others similarly situated, against the Fidelity & Deposit Company of Maryland. Judgment for defendant on sustaining demurrer to the complaint (275 Fed. 114), and plaintiff brings error. Affirmed.

The District Court sustained defendant's demurrer to the complaint, and judgment was entered accordingly. Plaintiff is a Massachusetts corporation, which began this action on behalf of itself and of others similarly situated. The complaint alleged that the city of Syracuse wished to build a school, and, in pursuance of its municipal powers advertised for proposals to do all the labor and furnish all the materials for the construction of the school. After due procedure, the contract was awarded to the P. J. Sullivan Company, the successful bidder. That company and defendant, as surety, executed the required bond in the sum of $28,000 to the board of commissioners of the city of Syracuse.

The condition of the bond was as follows: "If the above bonded the P. J. Sullivan Company, the contractor with the aforesaid board in the aforesaid contract named, shall and will faithfully perform the work and furnish the materials and supplies in and by the said contract signed by it to be performed and furnished, and shall faithfully comply with all the conditions and obligations of said contract on its part and in every particular, and shall promptly make payment of the sums due to all persons for labor and materials in the prosecution of the work provided for in this contract, then and in that event this obligation to be void."

It was alleged that during the prosecution of the work plaintiff, at the request of the P. J. Sullivan Company and in reliance upon the bond, furnished heating and ventilating equipment to the value of $4,091.95 in performance of the contract of the P. J. Sullivan Company with the city. The P. J. Sullivan Company failed to pay this sum to the plaintiff, having been adjudged bankrupt, and also failed to perform its contract with the city of Syracuse, causing a loss to the city in the sum of $20,775.22, which the defendant has paid. The plaintiff claims that there remains due upon the bond $7,224.78, out of which it may recover its claim of $4,091.95. It does not appear whether there are other unpaid subcontractors, or, if so, who they are, where they live, or what is the aggregate of their claims. •

---

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alice H. Moran, of New York City, for plaintiff in error.
Daniel Combs, of New York City, for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] It is conceded that the decision below was in accord with the decisions of the New York courts. A case precisely in point is Eastern Steel Co. v. Globe Indemnity Co., decided by the New York Supreme Court per Mr. Justice Greenbaum, and unanimously affirmed in 186 App. Div. 892, 172 N. Y. Supp. 888, and then in 227 N. Y. 586, 125 N. E. 917.

It is urged, however, that a bond such as this contains a dual contract—i. e., (1) an agreement to pay the city; and (2) an agreement to pay all those who supplied labor and material—and to support this contention reference is made to R. Connor Co. v. Ætna Indemnity Co., 136 Wis. 13, 115 N. W. 811; Baker v. Bryan, 64 Iowa, 561, 21 N. W. 83, and Dillon on Municipal Corporations (Ed. 5) § 830. It is unnecessary to set forth an analysis of the facts in the cases just cited supra, or the cases noted by Judge Dillon, because we think that the view of the New York courts is correct and that the reasons concisely stated in the opinion of Mr. Justice Greenbaum (quoted in the margin)[1] are sound. We regard the case as one involving solely the meaning of the language of the bond.

[2] Although the question is one of general law (Swift v. Tyson,

---

[1] "The defendants in express terms obligated themselves by their bond to the city of New York to the extent of $170,000. By their bond the defendants in effect guaranteed the city that the Wills & Marvin Company, to which the city of New York had awarded a contract for the erection of certain buildings in connection with the Brooklyn Institute of Arts and Sciences, would 'well and truly and in good, sufficient, and workmanlike manner perform the work mentioned in the aforesaid contract, in accordance with the terms and provisions therein stipulated, and shall promptly make payment of the sums due to all persons supplying labor and materials in the prosecution of the work provided in the said contract.' The plaintiff, a foreign corporation, did certain work and furnished certain materials in the erection of the buildings in question as a subcontractor of the Wills & Marvin Company. It now brings an action against the defendants to recover a balance due to it under its subcontract, basing its right of recovery upon the bond above mentioned. It seems to me unnecessary to consider the interesting arguments urged in behalf of the plaintiff which seek to differentiate the facts alleged in this action from those appearing in cases upon which the defendants rely, for the reason that at the threshold of this action the plaintiff is confronted with what to me seems to be an insuperable objection in that the bond runs to the City of New York and carries with it the presumption that the bond was executed solely for its benefit and not for that of subcontractors. To hold that the instrument in question was intended to operate as a guaranty to the subcontractors would be to read into it something to which the parties thereto had not agreed. Plaintiff claims that it relied upon the City's public advertisement for proposals for bids, which referred among other things to the guaranty above described. It is obvious, however, that the advertisement necessarily was intended only for the use and benefit of those who might submit bids for the contract with the City to the end that they might be apprised of the conditions under which the contract would be awarded and was not designed to induce subcontractors to believe that they would be guaranteed in the payment of their subcontracts. The defendant's motion for judgment upon pleadings must be granted."

16 Pet. 1, 10 L. Ed. 865) yet, under well-settled principles, this court should, if possible, be in harmony with the New York courts in respect of a question of this character. See 11 Cyc. 901.

Judgment affirmed.