George A. Kessler, Plaintiff, *v.* A. W. Haile Motor Company,
Defendant.

Supreme Court, Erie County, June 16, 1926.

Contracts — defendant executed contract with Studebaker Corporation
of America to sell Studebaker automobiles and agreed not to make
sale in any locality in which regularly appointed Studebaker dealer,
at time of sale, was located — in event such sale was effected, dealer in
whose territory sale was made, became entitled to ten per cent of list
price of automobile sold — said provision construed as agreement
between plaintiff and all other Studebaker dealers executing similar
contracts — agreement enforcible though defendant executed contract
one month prior to plaintiff.

A contract between the Studebaker Corporation of America and the defendant,
whereby the latter agreed to purchase, sell and deal in Studebaker automobiles in
the city of Buffalo and adjacent territory, and further agreed not to make any
sale in any locality in which was located, at the time of the sale, a regularly
appointed Studebaker dealer, but in the event defendant made such sale it was
to pay the dealer in whose territory the sale was made, ten per cent of the list
price at which the automobile sold was purchased from the Studebaker Corpora-
tion, must be construed as an agreement between the defendant and the plaintiff,
who, upon being designated as a Studebaker dealer at Ridgway, Penn., sub-
sequently executed a similar contract with the Studebaker Corporation, where
the contracts in each instance recited that the dealer executing the contract
agreed to construe the infringement clause as an agreement between said dealer
and all other Studebaker dealers who had signed a similar agreement.

The fact that defendant's contract was executed one month prior to plain-
tiff's contract, does not preclude plaintiff from maintaining an action against
the defendant to recover ten per cent of the list price of two automobiles sold
by the defendant to purchasers residing at Ridgway, Penn.

There was a good and valid consideration moving between the parties to both
contracts, *i. e.*, the agreement of each not to solicit trade in the other's territory.

Action to recover damages for breach of contract.

*Gibbons & Pottle*, for the plaintiff.

*Falk, Phillips & Schlenker* [*Frederic R. Twelvetrees* of counsel],
for the defendant.

Edward R. O'Malley, J.   Plaintiff sues to recover damages for
the breach of a contract existing, as he claims, between him and
the defendant.   The defendant denies liability on the ground it is
not a party to the contract and that there is no privity of contract
between the plaintiff and defendant.   The case was tried before
the court and a jury.   At the close of the evidence it was stipulated
that the jury be discharged, and the questions of law and fact be
determined by the court.

The defendant is a domestic corporation organized under the
laws of this State, having its place of business in the city of Buffalo,

N. Y., and is engaged in the business of dealing in automobiles. On January 17, 1924, it entered into a contract with the Studebaker Corporation of America to purchase, sell and deal in the cars manufactured by the Studebaker Corporation. It was provided in this contract that when the word " company " was used it referred to the Studebaker Corporation of America, and that when the word " dealer " was used it referred to the defendant.

This contract, among other things, provides:

" *Infringement of Territory.*— Dealer agrees to solicit no trade nor sell Studebaker Automobiles to persons residing in any incorporated village, town or city in which is located a place of business of a regularly appointed Studebaker dealer at the time of said sale, except that should said persons come unsolicited to Dealer's place of business to buy Automobiles off the floor for immediate delivery, Dealer may sell such persons, but in every such case Dealer must pay the Studebaker dealer located in the incorporated village, town or city in which the customer resides, 10% of the list price at which the Automobile was purchased from Company f. o. b. Factory. * * * It is understood and agreed that this paragraph shall be construed as an agreement between Dealer and all other Studebaker dealers who have signed a similar agreement and that nothing herein contained shall be construed as a liability on the part of Company to Dealer for territorial infringement by any other dealer." (¶ 20.)

It was further provided such contract should supersede all former agreements between the parties and " should become effective as upon the 2nd day of January, 1924, and expire on December 31, 1924," and by its terms granted to the defendant the exclusive right to purchase automobiles from the company for resale within the city of Buffalo and adjacent territory, all of which being within the State of New York and designated therein as " dealer's territory."

On February 18, 1924, the plaintiff entered into a contract with the Studebaker Corporation of America containing the identical provisions quoted or recited herein from the defendant's contract with the company, except that the " dealer's territory " described in the plaintiff's contract was the city of Ridgway, Penn.

Subsequent to the execution of said contracts between the company and the plaintiff and between the company and the defendant, respectively, and during the lifetime of the same, the defendant sold a Studebaker sedan car to one F. C. Smith of Ridgway, Penn., and sold a Studebaker chassis to one L. G. Hall of Ridgway, Penn. The list price in 1924 of the sedan sold to Smith was $2,685, and that of the chassis sold to Hall was $1,450. Plaintiff seeks to recover damages for the breach of the contract.

The question presented here is whether the contract between the company and the defendant is one on which the plaintiff may maintain an action against the defendant for a breach thereof, and I am of the opinion it must be answered in the affirmative.

The defendant and plaintiff here each expressly agreed that the provisions of paragraph 20 of the contract " shall be construed as an agreement between " him and " all other dealers who have signed a similar agreement." There was a good and valid consideration moving to both parties to these agreements, viz., the agreement of each not to solicit trade in the other's territory. While these contracts as a whole were between the company and the dealer, the provisions of paragraph 20 of the contract, under the conditions here, were agreements between the dealers themselves and in this case were between the plaintiff and the defendant, and, therefore, the plaintiff has a right to sue the defendant direct. Furthermore, when the defendant signed its contract with the company, under the circumstances it made the company its agent to secure similar agreements from other dealers. The same was true of the plaintiff.

Defendant's contract is dated January 17, 1924, and plaintiff's is dated February 18, 1924. Because of the difference in the dates, defendant claims the contract is unenforcible because not made concurrently with that of the plaintiff's.

I do not think the principle of law invoked is applicable here. The fact that the particular person who is to benefit from the promise is not known when the promise is made, is immaterial. (*Traver* v. *Snyder*, 35 Misc. 261, affg. 34 id. 406; *Riordan* v. *First Presbyterian Church*, 6 id. 84; *Coster* v. *Mayor*, 43 N. Y. 399.) He may be one of a class of persons, if the class is sufficiently described or designated. (*Burton* v. *Larkin*, 36 Kans. 246; *Lenz* v. *Chicago, etc., R. Co.*, 111 Wis. 198.) The fact that the person for whose benefit a promise may inure is uncertain at the time it is made, and that it is dependent on a contingency, will not deprive the person who afterward establishes his claim to be the beneficiary of the promise of the right to recover. (*Whitehead* v. *Burgess*, 61 N. J. Law, 75; *Connor Co.* v. *Ætna Indem. Co.*, 136 Wis. 13; *Fanning* v. *Murphy*, 126 id. 538.) The party benefited need not have known of the contract at the time it was made if he afterwards adopted it. (*Beattie Mfg. Co.* v. *Clark*, 208 Mo. 89; *Crone* v. *Stinde*, 156 id. 262; *McDonald* v. *Finseth*, 32 N. D. 400.)

Plaintiff is, therefore, entitled to recover ten per cent of the sum of the list prices of both cars, amounting to $413.50, with interest.

Prepare decision accordingly.