[No. 13865. Department One. March 7, 1917.]

SCHOOL DISTRICT No. 75 OF PIERCE COUNTY *et al.*, *Appellants*, v. J. F. QUALLS *et al.*, *Respondents.*[1]

SCHOOLS AND SCHOOL DISTRICTS—BUILDING CONTRACTS—CONTRACTOR'S BONDS—LIABILITY FOR LIENS. A nonstatutory surety for the faithful performance of the construction of a school house is not liable for the claims of mechanics and materialmen, where there was no law making them valid liens against the property and the bond provided that the obligee could include in his damages mechanics' lien claims only when they were valid liens against the property.

SAME. A bond guaranteeing the performance of a contract for the construction of a school house which was not a statutory bond in that it contained no provision for the payment of laborers and materialmen, cannot be sustained as a statutory bond by reason of Rem. Code, § 777, providing that no bond required by law shall be void for want of form or substance; since it was not required by law and is not lacking in form or substance.

SAME—CONTRACTOR'S BOND—ACTIONS—CONDITIONS PRECEDENT. An action upon a contractor's bond for his negligence cannot be main-

[1]Reported in 163 Pac. 761.

tained where plaintiff failed to comply with the condition precedent to action, stipulated in the bond, which required the certificate of the architect as to such negligence, in the absence of arbitrary refusal preventing obtaining of the certificate.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 13, 1916, upon sustaining a demurrer to the complaint, in an action on contract, tried to the court. Affirmed.

*Fred G. Remann, Harry E. Phelps,* and *A. B. Bell,* for appellants.

*William E. Froude* and *Higgins & Hughes,* for respondents.

Morris, J.—In September, 1913, appellant School District entered into a contract with respondent Qualls for the erection of a school building. Respondent The Chicago Bonding & Casualty Company entered into a bond, as surety for Qualls, for the faithful performance of this contract. Qualls abandoned the contract before the completion of the building, leaving unpaid several claims for labor and material. These several claimants brought suit against the school district and obtained judgments for the several amounts due, which the school district paid. This action was then commenced against Qualls and his surety to recover the amount so paid, adding a second cause of action for damages for negligent construction of the building. The bonding company demurred to this complaint upon the ground that it did not state facts sufficient to constitute a cause of action against it. The demurrer was sustained, and the school district electing to stand upon its complaint, judgment of dismissal was entered and it appeals.

It is conceded that the bond is not the statutory bond provided for in Rem. Code, § 1159, as it contains no provision for the payment of laborers or materialmen. Not being a statutory bond, it is clear the obligation of the surety cannot be extended beyond its contract, and no liability could be

enforced against the surety below because of the failure of the contractor to pay for labor or material entering into the construction of the building. This much is conceded by appellant. It contends, however, that the action will lie because of the provision of the bond that:

"The surety shall not be liable under this bond to any one except the obligee, but it is agreed that the obligee, in estimating his damages, may include the claims of mechanics and materialmen arising out of the performance of the contract and paid by said obligee, only when the same by the statute of the state wherein the contract is to be performed, are valid liens against the property of the obligee."

This paragraph extends the liability of the surety only to those claims which by statute are made valid liens against the property of the school district, and this contention of appellants must fail because we have no statute making claims of this character liens against the property of school districts. It is the uniform rule that provisions in a bond of like character to the one in suit do not render the surety liable where there is no provision for liens against public buildings. *Electric Appliance Co. v. United States Fidelity & Guaranty Co.*, 110 Wis. 434, 85 N. W. 648; *Smith v. Bowman*, 32 Utah 33, 88 Pac. 687, 9 L. R. A. (N. S.) 889; *Spalding Lumber Co. v. Brown*, 171 Ill. 487, 49 N. E. 725; *Townsend v. Cleveland Fire-Proofing Co.*, 18 Ind. App. 568, 47 N. E. 707; *Montgomery v. Rief*, 15 Utah 495, 50 Pac. 623; *Marquette Opera-House Bldg. Co. v. Wilson*, 109 Mich. 223, 67 N. W. 123.

It is next contended that Rem. Code, § 777, sustains appellants' right to a cause of action upon this bond. This section provides:

"No bond required by law, and intended as such bond, shall be void for want of form or substance, recital, or condition; nor shall the principal or surety on such account be discharged, but all the parties thereto shall be held and bound to the full extent contemplated by the law requiring the same, to the amount specified in such bond. In all actions

on such defective bond, the plaintiff may state its legal effect in the same manner as though it were a perfect bond."

This contention cannot be sustained, since the bond is not as referred to in this section "required by law." Nor is there any defect "of form or substance, recital or condition" within the meaning of this section. The bond is not a defective bond. Its recitals and conditions lack in nothing to sustain full liability within its contract.

The action for damages based upon the negligence of the contractor must also fail, because of appellants' failure to comply with the conditions precedent to the bringing of such actions. The contract between Qualls and the school district, which is made a part of the complaint, provides that:

"Should the contractor at any time refuse or neglect to supply a sufficiency of proper skilled workmen or of materials of the proper quality, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architect . . . the expense incurred by the owner, as herein provided, either for furnishing material or for finishing the work, and any damages incurred through such default shall be audited and certified by the architect whose certificate thereof shall be conclusive upon the parties."

We have so often held that provisions of this character render the certificate of the architect a prerequisite to a recovery, save in cases of arbitrary refusal or some fraudulent element preventing the obtaining of the certificate, that no further discussion of the point is necessary. *Bavaria Inv. Co. v. Washington Brick, Lime & Sewer Pipe Co.*, 82 Wash. 187, 144 Pac. 68.

The complaint makes no attempt to excuse the obtaining of this certificate, and the provisions of section 5 of the contract as above quoted defeat recovery. The demurrer was rightfully sustained, and the judgment is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and CHADWICK, JJ., concur.